8961/PMD

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Defendant H.J.M. International, Inc.
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PL SHIPPING & LOGISTICS LTD.<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>H.J.M. INTERNATIONAL, INC. and BANK OF AMERICA and AFFORDABLE LUXURY RYAN KENNY<br><br>　　　　　　　　　　Defendants. | ECF CASE<br><br>Docket No.: 07 CV 2818 (Judge Stein)<br><br>**H.J.M. INTERNATIONAL, INC'S ANSWER TO PLAINTIFF'S AMENDED VERIFIED COMPLAINT WITH <u>CROSSCLAIMS</u>** |

　　　　Defendant H.J.M. International, Inc. (hereinafter referred to as "H.J.M") through its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, LLP answers the Amended Verified Complaint with docket number 07 Cv 2818 (Judge Stein) as follows:

### <u>FIRST COUNT</u>

　　　　1.　　Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "" of Plaintiff's Amended Verified Complaint.

　　　　2.　　Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "2" of Plaintiff's Amended Verified Complaint.

　　　　3.　　Admits Defendant H.J.M. International, Inc., hereinafter referred to as H.J.M., at and during all the times hereinafter mentioned has an office and place of business located in

Jamaica, and except were specifically admitted, denies each and every allegation contained in Paragraph "3" of Plaintiff's Amended Verified Complaint.

4. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "4" of Plaintiff's Amended Verified Complaint.

5. Admits Defendant HJM during all the times hereinafter mentioned, has office and place of business in Jamaica, New York, and except were specifically admitted, denies each and every allegation contained in Paragraph "5" of Plaintiff's Amended Verified Complaint.

6. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "6" of Plaintiff's Amended Verified Complaint.

7. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "7" of Plaintiff's Amended Verified Complaint.

8. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "8" of Plaintiff's Amended Verified Complaint.

9. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "9" of Plaintiff's Amended Verified Complaint.

10. Denies each and every allegation contained in Paragraph "10" of Plaintiff's Amended Verified Complaint.

11. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "11" of Plaintiff's Amended Verified Complaint.

12. Denies each and every allegation contained in Paragraph "12" of Plaintiff's Amended Verified Complaint.  Further, H.J.M. is not required to respond to allegations or assertions directed to other parties, to the extent that any of those allegations or assertions can be construed to direct liability on H.J.M., said allegations or assertions are specifically denied.

13. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "13" of Plaintiff's Amended Verified Complaint.

14. Denies each and every allegation contained in Paragraph "14" of Plaintiff's Amended Verified Complaint.

## SECOND COUNT

15. Repeats and realleges each and every admission, denial and denial of knowledge of information contained in Paragraphs "1" through "14" inclusive of this Answer to Plaintiff's Amended Verified Complaint with the same force and effect as if herein set forth at length.

16. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "16" of Plaintiff's Amended Verified Complaint.

17. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "17" of Plaintiff's Amended Verified Complaint.

18. Denies each and every allegation contained in Paragraph "18" of Plaintiff's Amended Verified Complaint.

19. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "19" of Plaintiff's Amended Verified Complaint.

20. Denies each and every allegation contained in Paragraph "12" of Plaintiff's Amended Verified Complaint. Further, H.J.M. is not required to respond to allegations or assertions directed to other parties, to the extent that any of those allegations or assertions can be construed to direct liability on H.J.M., said allegations or assertions are specifically denied.

21. Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "21" of Plaintiff's Amended Verified Complaint.

22. Denies each and every allegation contained in Paragraph "22" of Plaintiff's Amended Verified Complaint.

**AFFIRMATIVE DEFENSES**
**AS FOR A FIRST AFFIRMATIVE DEFENSE**

23. Plaintiff failed to mitigate its damages alleged in its Amended Verified Complaint.

**AS FOR A SECOND AFFIRMATIVE DEFENSE**

24. H.J.M. acted on the instructions from PL Shipping & Logistics, Ltd. with the release of the subject container with regard to the first count.

25. PL Shipping is estopped by its own negligent acts which barred its claim against H.J.M.

**AS FOR A THIRD AFFIRMATIVE DEFENSE**

26. Upon information and belief, plaintiff fails to state a cause of action against H.J.M. on both counts.

**AS FOR A FOURTH AFFIRMATIVE DEFENSE**

27. Upon information and belief, plaintiff has sustained no damages as a result of any action or omission on the part of H.J.M.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

28. Upon information and belief, this action is barred in whole or in part by plaintiff's and/or alleged seller's negligence.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

29. Upon information and belief, the alleged goods may or may not have been as stated and may or may not have been conforming or damaged and, to such extent no damages will have been sustained as the result of the release of the documents. H.J.M. puts plaintiff to the proof as to the condition, quality and quantity of the subject shipment.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

30. Upon information and belief, plaintiff has received partial payment on the first count.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

31. Upon information and belief, the first cause of action involves a straight ocean bill of lading in which a surrender or negotiation of the bill of lading is not required for the release of the container/shipment to the consignee.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

32   Upon information and belief, the second cause of action involves a straight airway bill in which a surrender or negotiation of the airway bill is not required for the release of the container/shipment to the consignee.

### CROSSCLAIM

### AS AND FOR ITS CROSSCLAIM AGAINST DEFENDANTS BANK OF AMERICA AND AFFORDABLE LUXURY RYAN KENNY DEFENDANT H.J.M. ALLEGES AS FOLLOWS:

32. Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs "1" to "25" inclusive of this Answer to Plaintiff's Amended Verified Complaint with the same force and effect as if herein set forth at length.

33. If there was any loss with regard to the shipments referred to in the Amended Verified Complaint, which is denied, then the said liability was brought about by Defendants Bank of America and/or Affordable Luxury Ryan Kenny's negligence and/or breach of contract and/or breach of warranties, implied or expressed, and by reason thereof Defendant H.J.M. is entitled to full indemnity and/or contribution from Defendants Bank of America and Affordable Luxury Ryan Kenny for any loss including reasonable counsel fees and expenses.

**WHEREFORE,** Defendant H.J.M. prays that the Amended Verified Complaint against it be dismissed and its Crossclaim be granted, and that the Court may grant such other or further relief as may be just and proper.

Dated: New York, New York
       June 25, 2007

                                CICHANOWICZ, CALLAN, KEANE,
                                VENGROW & TEXTOR, LLP
                                Attorneys for Defendant H.J.M. International, Inc.

                                By: / s / Patrick Michael DeCharles, II
                                     Patrick Michael DeCharles, II (PMD/9984)
                                61 Broadway, Suite 3000
                                New York, New York, 10006
                                (212) 344-7042

To:    Eugene J. McDonald, Esq.
        Attorney for PL Shipping & Logistics Ltd.
        170 Broad Street
        Matawan, NJ 07747
        (732) 483-8485

        Constantine A. Despotakis, Esq.
        Wilson, Elser, Moskowitz, Edelman & Dicker LLPP
        3 Garnett Drive
        White Plains, New York 10604
        Attorneys for Defendant Bank of America, N.A.

## CERTIFICATE OF SERVICE BY ECF AND BY REGULAR U.S. MAIL

The undersigned declares under penalty of perjury that the following is true and correct:

1.  I am over the age of eighteen years and I am not a party to this action.

2.  On June 25, 2007, I served a complete copy of **Defendant H.J.M. International, Inc.'s Answer to Plaintiff PL Shipping & Logistics Ltd.'s Amended Verified Complaint with Crossclaims** by ECF to the following attorneys at their ECF registered address and by regular U.S. mail at the following addresses:

> Eugene J. McDonald, Esq.
> Attorney for PL Shipping & Logistics Ltd.
> 170 Broad Street
> Matawan, NJ 07747
> (732) 483-8485

> Constantine A. Despotakis, Esq.
> Wilson, Elser, Moskowitz, Edelman & Dicker LLPP
> 3 Garnett Drive
> White Plains, New York 10604
> Attorneys for Defendant Bank of America, N.A.

                                                        / s / Patrick Michael DeCharles, II
                                                         Patrick Michael DeCharles, II

DATED:     June 25, 2007
                  New York, New York

STATE OF NEW YORK      )
                                      ) ss.:
                                      )
COUNTY OF NEW YORK  )

      Patrick Michael DeCharles, II, declares and says:

1.     I am admitted to practice before this Honorable Court.

2.     I have read the foregoing Verified Answer of the Verified Amended Complaint and know the contents thereof, and that the same is true to the best of my knowledge, information and belief.

3.     That the source of my information and the grounds for my belief as to all matters, documents and correspondence relating to the matter in suit is either known to me or has been provided to me by the defendant H.J.M. International, Inc.

4.     That the reason this verification is being by me and not the defendant H.J.M. International, Inc. is that the said defendant is a corporation and/or other business entity, none of whose officers or directors are presently within the Southern District.

5.     I declare under penalty of perjury that the foregoing is true and correct.


Dated: June 25, 2007


                                                              / s / Patrick Michael DeCharles, II
                                                                Patrick Michael DeCharles, II