8961/PMD

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Defendant H.J.M. International, Inc.
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PL SHIPPING & LOGISTICS LTD.<br><br>            Plaintiff,<br><br>          v.<br><br>H.J.M. INTERNATIONAL, INC. and BANK OF AMERICA and AFFORDABLE LUXURY RYAN KENNY and RYAN GLOVER and RONALD PLATOVSKY and ABN AMRO BANK<br><br>            Defendants. | **ECF CASE**<br><br>**Docket No.: 07 CV 2818 (SHS)**<br><br>**H.J.M. INTERNATIONAL, INC'S ANSWER TO THE SECOND AMENDED VERIFIED COMPLAINT AND CROSSCLAIM** |

      Defendant H.J.M. International, Inc. (hereinafter referred to as "H.J.M") through its attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, LLP answers the Second Amended Verified Complaint with Docket No.: 07 CV 2818 (SHS)) as follows:

### IN ANSWER TO PLAINTIFF'S FIRST COUNT

      1.      Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "1 of Plaintiff's First Count of the Second Amended Verified Complaint.

      2.      Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "2" of Plaintiff's First Count of the Second Amended Verified Complaint.

3.       Admits Defendant H.J.M. International, Inc., hereinafter referred to as H.J.M., at and during all the times hereinafter mentioned has an office and place of business located in Jamaica, New York, and except were specifically admitted, denies each and every allegation contained in Paragraph "3" of Plaintiff's First Count of the Second Amended Verified Complaint.

4.       Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "4" of Plaintiff's First Count of the Second Amended Verified Complaint.

5.       Admits Defendant H.J.M. International, Inc., hereinafter referred to as H.J.M., at and during all the times hereinafter mentioned has an office and place of business located in Jamaica, New York, and except were specifically admitted, denies each and every allegation contained in Paragraph "5" of Plaintiff's First Count of the Second Amended Verified Complaint.

6.       Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "6" of Plaintiff's First Count of the Second Amended Verified Complaint.

7.       Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "7" of Plaintiff's First Count of the Second Amended Verified Complaint.

8.       Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "8" of Plaintiff's First Count of the Second Amended Verified Complaint.

9.       Denies each and every allegation contained in Paragraph "9" of Plaintiff's First Count of the Second Amended Verified Complaint.

10.      Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "10" of Plaintiff's First Count of the Second Amended Verified Complaint.

11.     Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "11" of Plaintiff's First Count of the Second Amended Verified Complaint.

12.     Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "12" of Plaintiff's First Count of the Second Amended Verified Complaint.  Further, H.J.M. is not required to respond to allegations or assertions directed to other parties, to the extent that any of those allegations or assertions can be construed to direct liability on H.J.M., said allegations or assertions are specifically denied.

13.     Denies each and every allegation contained in Paragraph "13" of Plaintiff's First Count of the Second Amended Verified Complaint.

14.     Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "14" of Plaintiff's First Count of the Second Amended Verified Complaint.

15.     Denies each and every allegation contained in Paragraph "15" of Plaintiff's First Count of the Second Amended Verified Complaint and Defendant H.J.M. is not required to respond to allegations directed to any other party; to the extent that the remaining allegations are somehow construed to contain any allegations or assertions of liability directed at H.J.M., said allegations are specifically denied.

16.     Denies each and every allegation contained in Paragraph "16" of Plaintiff's First Count of the Second Amended Verified Complaint and Defendant H.J.M. is not required to respond to allegations directed to any other party; to the extent that the remaining allegations are somehow construed to contain any allegations or assertions of liability directed at H.J.M., said allegations are specifically denied.

17.    Denies each and every allegation contained in Paragraph "17" of Plaintiff's First Count of the Second Amended Verified Complaint.

18.    Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "18" of Plaintiff's First Count of the Second Amended Verified Complaint.

19.    Denies each and every allegation contained in Paragraph "19" of Plaintiff's First Count of the Second Amended Verified Complaint.

## IN ANSWER TO PLAINTIFF'S SECOND COUNT

20.    Repeats and realleges each and every admission, denial and denial of knowledge of information contained in Paragraphs "1"through "19" inclusive of this Answer to Plaintiff's Second Amended Verified Complaint with the same force and effect as if herein set forth at length.

21.    Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "2" of Plaintiff's Second Count of the Second Amended Verified Complaint.

22.    Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "3" of Plaintiff's Second Count of the Second Amended Verified Complaint.

23.    Denies each and every allegation contained in Paragraph "4" of Plaintiff's Second Count of the Second Amended Verified Complaint.

24.    Denies each and every allegation contained in Paragraph "5" of Plaintiff's Second Count of the Second Amended Verified Complaint.

25.    Denies each and every allegation contained in Paragraph "6" of Plaintiff's Second Count of the Second Amended Verified Complaint.

26.    Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "7" of Plaintiff's Second Count of the Second Amended Verified Complaint.

27.    Denies each and every allegation contained in Paragraph "8" of Plaintiff's Second Count of the Second Amended Verified Complaint.

28.    Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "9" of Plaintiff's Second Count of the Second Amended Verified Complaint.

29.    Denies each and every allegation contained in Paragraph "10" of Plaintiff's Second Count of the Second Amended Verified Complaint.

## AFFIRMATIVE DEFENSES
## AS FOR A FIRST AFFIRMATIVE DEFENSE

30.    Upon information and belief, plaintiff has failed to state a cause of action against H.J.M. on both counts.

## AS FOR A SECOND AFFIRMATIVE DEFENSE

31.    Upon information and belief, plaintiff lacks standing to maintain this action

## AS FOR A THIRD AFFIRMATIVE DEFENSE

32.    Upon information and belief, plaintiff has sustained no damages as a result of any action or omission on the part of the  H.J.M.

## AS FOR A FOURTH AFFIRMATIVE DEFENSE

33.    Upon information and belief, this action is barred in whole or in part by plaintiff's and/or alleged seller's negligence.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

34.    PL Shipping is estopped by its own negligent acts which barred its claim against H.J.M.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

35.    H.J.M. acted on the instructions from PL Shipping & Logistics, Ltd. with the release of the subject container with regard to the first count.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

36.    Upon information and belief, plaintiff has received full or partial payment.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

37.    Upon information and belief, the alleged goods may or may not have been as stated and may or may not have been conforming or damaged and, to such extent no damages will have been sustained as the result of the release of the documents. H.J.M. puts plaintiff to the proof as to the condition, quality and quantity of the subject shipment.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

38    Upon information and belief, plaintiff has received partial payment on the first count.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

39.    Upon information and belief, the first cause of action involves a straight ocean bill of lading in which a surrender or negotiation of the bill of lading is not required for the release of the container/shipment to the consignee.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

40.     Upon information and belief, the second cause of action involves a straight airway bill in which a surrender or negotiation of the airway bill is not required for the release of the container/shipment to the consignee.

## CROSSCLAIM

### AS AND FOR ITS CROSSCLAIM AGAINST DEFENDANTS BANK OF AMERICA, AFFORDABLE LUXURY RYAN KENNY RYAN GLOVER, RONALD PLATOVSKY AND ABN AMRO BANK DEFENDANT H.J.M. ALLEGES AS FOLLOWS:

41.     Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs "1" to "40" inclusive of this Answer to Plaintiff's Second Amended Verified Complaint with the same force and effect as if herein set forth at length.

42.     If there was any loss with regard to the shipments referred to in the Second Amended Verified Complaint, which is denied, then the said liability was brought about by Defendants Bank of America, Affordable Luxury Ryan Kenny, Ryan Glover, Ronald Platovsky and ABN AMRO Bank's negligence and/or breach of contract and/or breach of warranties, implied or expressed, and by reason thereof Defendant H.J.M. is entitled to full indemnity and/or contribution from Defendants Bank of America, Affordable Luxury Ryan Kenny, Ryan Glover, Ronald Platovsky and ABN AMRO Bank for any loss including reasonable counsel fees and expenses.

**WHEREFORE,** Defendant H.J.M. prays that the Second Amended Verified Complaint against it be dismissed and its Crossclaim be granted, and that the Court may grant such other or further relief as may be just and proper.

Dated: New York, New York
       August 13, 1007

                                CICHANOWICZ, CALLAN, KEANE,
                                VENGROW & TEXTOR, LLP
                                Attorneys for Defendant H.J.M. International, Inc.


                                By: / s / Patrick Michael DeCharles, II
                                      Patrick Michael DeCharles, II (PMD/9984)
                                    61 Broadway, Suite 3000
                                    New York, New York, 10006
                                    (212) 344-7042


To:    Eugene J. McDonald, Esq.
       Attorney for PL Shipping & Logistics Ltd.
       170 Broad Street
       Matawan, NJ 07747
       (732) 583-8485

       Constantine A. Despotakis, Esq.
       Wilson, Elser, Moskowitz, Edelman & Dicker LLP
       3 Gannett Drive
       White Plains, New York 10604
       Attorneys for Defendant Bank of America, N.A.

### CERTIFICATE OF SERVICE BY ECF AND BY REGULAR U.S. MAIL

The undersigned declares under penalty of perjury that the following is true and correct:

1.      I am over the age of eighteen years and I am not a party to this action.

2.      On August 13, 2007, I served a complete copy of **Defendant H.J.M. International, Inc.'s Answer to H.J.M. International, Inc.'s Answer to the Second Amended Verified Complaint and Crossclaim** by ECF to the following attorneys at their ECF registered address and by regular U.S. mail at the following addresses:

    Eugene J. McDonald, Esq.
    Attorney for PL Shipping & Logistics Ltd.
    170 Broad Street
    Matawan, NJ 07747
    (732) 483-8485

    Constantine A. Despotakis, Esq.
    Wilson, Elser, Moskowitz, Edelman & Dicker LLPP
    3 Ganett Drive
    White Plains, New York 10604
    Attorneys for Defendant Bank of America, N.A.

                                        / s / Patrick Michael DeCharles, II
                                        Patrick Michael DeCharles, II

DATED:       August 13, 2007
             New York, New York

STATE OF NEW YORK      )
                       ) ss.:
                       )
COUNTY OF NEW YORK  )

Patrick Michael DeCharles, II, declares and says:

1.      I am admitted to practice before this Honorable Court.

2.      I have read the foregoing Verified Answer of the Verified Amended Complaint and know the contents thereof, and that the same is true to the best of my knowledge, information and belief.

3.      That the source of my information and the grounds for my belief as to all matters, documents and correspondence relating to the matter in suit is either known to me or has been provided to me by the defendant H.J.M. International, Inc.

4.      That the reason this verification is being by me and not the defendant H.J.M. International, Inc. is that the said defendant is a corporation and/or other business entity, none of whose officers or directors are presently within the Southern District.

5.      I declare under penalty of perjury that the foregoing is true and correct.


Dated: August 13, 2007


                                    / s / Patrick Michael DeCharles, II
                                    Patrick Michael DeCharles, II