Constantine A. Despotakis (CD 4944)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendant
Bank of America, N.A.
3 Gannett Drive
White Plains, NY 10604
Tel.: (914) 323-7000

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

PL SHIPPING & LOGISTICS LTD.,

                Plaintiff,

    -against-

H.J.M. INTERNATIONAL INC. and BANK OF
AMERICA and AFFORDABLE LUXURY
RYAN KENNY and RYAN GLOVER and
RONALD PLATOVSKY and ABN AMRO
BANK,

                Defendants.

-----------------------------------------------------------------x

07 CV 2818 (SHS)

NOTICE OF MOTION FOR
SUMMARY JUDGMENT

PLEASE TAKE NOTICE that upon the annexed Statement of Undisputed Facts Pursuant to Local Rule 56.1 dated August 16, 2007, the annexed Affidavit in Support of Motion for Summary Judgment of Theodore Georgiades sworn to on August 14, 2007, the annexed Affidavit in Support of Motion for Summary Judgment of Constantine A. Despotakis, Esq. sworn to on August 16, 2007, the accompanying Memorandum of Law in Support of Motion for Summary Judgment dated August 16, 2007, and all the prior proceedings herein, the defendant Bank of America, N.A., sued herein under its common trade name of Bank of America, will move in this Court before the Honorable Sidney H. Stein for an Order pursuant to Rule 56 of the Federal Rules of Civil Procedure granting summary judgment in favor of defendant, Bank of

America, N.A., dismissing (i) the plaintiff's complaint, and (ii) all crossclaims of defendant
H.J.M. International, Inc., as against Bank of America, N.A. on the grounds that (1) plaintiff
lacks standing to bring or maintain this action;  (2) that as a matter of documented fact there is no
liability on the part of Bank of America, N.A.; and (3) that plaintiff puts forth no legally
cognizable or *prima facie* case in support of the claims set forth in the Second Cause of Action in
any event, and for such other, different and further relief as the Court in its discretion may deem
just and proper.

Dated: White Plains, New York
         August 16, 2007

Yours, etc.

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____
Constantine A. Despotakis (CD 4944)
Attorney for Defendant
BANK OF AMERICA, N.A.
3 Gannett Drive
White Plains, NY 10604
Tel.: (914) 323-7000
File No. 02503.00305

TO:    EUGENE J. MCDONALD, ESQ.
       Attorneys for Plaintiff,
       PL Shipping & Logistics Ltd.
       170 Broad Street
       Matawan, NJ 07747

       Patrick Michael DeCharles II, Esq.
       CICHANOWICZ, CALLAN, KEANE,
        VENGROW & TEXTOR
       Attorneys for Defendant
       H.J.M. International Inc.
       61 Broadway, Room 3000
       New York, NY 10006-2809

- 2 -

1612922.1

Affordable Luxury Ryan Kelly
Defendant *Pro Se*
1407 Broadway
New York, NY 10018

ABN Amro Bank
Defendant *Pro Se*
Centralized Trd Fin
177 Anna Salai, 3rd Fl.
Unit 307-309 Raheja Tower
Chennai, India

Ryan Glover
Defendant *Pro Se*
1407 Broadway
New York, NY 10018

Ronald Platovsky
Defendant *Pro Se*
1407 Broadway
New York, NY 10018

Constantine A. Despotakis, Esq. (CD 4944)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendant
Bank of America, N.A.
3 Gannett Drive
White Plains, NY 10604
Tel: (914) 323-7000

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

PL SHIPPING & LOGISTICS LTD.,                :

                        Plaintiff,                :

     -against-                :

H.J.M. INTERNATIONAL INC. and BANK OF        :
AMERICA and AFFORDABLE LUXURY
RYAN KENNY and RYAN GLOVER and               :
RONALD PLATOVSKY and ABN AMRO
BANK,                                        :

                 Defendants.

------------------------------------------------------------------x

07 CV 2818 (SHS)

STATEMENT OF UNDISPUTED
FACTS PURSUANT TO
LOCAL CIVIL RULE 56.1

Pursuant to Rule 56.1 of the Local Rules of the United States District Court for the Southern District of New York, defendant Bank of America (hereinafter "BOA") hereby submits the following statement of material facts as to which it contends there are no genuine issues to be tried. This Rule 56.1 Statement is submitted in support of BOA's motion for summary judgment to dismiss both the plaintiff's, PL Shipping & Logistics, Ltd. (hereinafter "Plaintiff"), action and the crossclaims of defendant, H.J.M. International, Inc. (hereinafter "HJM"), on the grounds that (1) Plaintiff lacks standing to bring or maintain this action;  (2) that as a matter of documented fact there is no liability on the part of Bank of America, N.A. to either Plaintiff, HJM or any other party; and (3) that Plaintiff puts forth no legally cognizable or *prima facie* case in support

of the claims set forth in the Second Cause of Action in any event. The contents of the accompanying Affidavit of Theodore Georgiades sworn to on August 14, 2007 and filed in support of BOA's motion shall also be deemed incorporated by reference as though fully set forth herein.

<u>AS TO PLAINTIFF'S FIRST CAUSE OF ACTION</u>

1.    This matter is <u>not</u> an "...*admiralty or maritime claim...*" <u>nor</u> is it *"...governed by federal common law"* <u>nor</u> does it involve *"...a federal question.....28 U.S.C. 1331"* (see paragraph 1 of Plaintiff's initial and subsequent two amended complaints --- BOA collective <u>Exhibit B</u>.) Rather, this matter concerns the preparation and presentation of an interbank commercial set of documents known as a documentary collection purportedly prepared and transmitted by ABN Amro Bank ("hereinafter "ABN") in India to BOA's branch in Atlanta, Georgia. See BOA collective <u>Exhibit E</u> and <u>Exhibit F</u>.

2.    Such a commercial documentary collection transaction (hereinafter "Transaction") is specifically and contractually governed by the Uniform Rules for Collections as promulgated by the International Chamber of Commerce and embodied in Publication No. 522, Leaflet Version ICC No. 522 LF (hereinafter "URC 522") whenever the Transaction so states, as is the case herein. See BOA <u>Exhibit A</u>, Article 1a and BOA collective <u>Exhibit E</u>, *"SCHEDULE FOR COLLECTION BILLS"*, *"Special Instructions"* (bottom of page).

3.    The Transaction, dated April 6, 2006, was from ABN in India (India notes dates in reverse sequence by day, followed by month and year) as a URC-defined *"remitting bank"* to BOA (at a BOA branch in Atlanta, Georgia) as a URC- defined *"collecting bank"*. See BOA <u>Exhibit A</u>, Article 3a2. and Article 3a3.; BOA collective <u>Exhibit E</u> and BOA <u>Exhibit F</u>.

4.    The Transaction involved the sale of certain merchandise from Ahill Knit Wearss (so in original) (hereinafter "Ahill"), as owner/seller, in India to Affordable Luxury Ryan Kenny (hereinafter "Affordable"), as purchaser here in the United States for the total amount of $44,157.90, and against which Ahill has received partial payment to date in the amount of $10,325.50 *"ON 24 MAY06"*, a fact completely unknown to Plaintiff since it is not recited in Plaintiff's three successive complaints (the initial one and the two subsequent amended ones) filed in this action.  This leaves a balance due to Ahill in the amount of $33,832.40, presuming Ahill has received no further payments since May 24, 2006.  See BOA Exhibit A, BOA collective Exhibit E  and BOA Exhibit F.

5.    Plaintiff has no standing as a matter of law to maintain this action since ABN and not Plaintiff is the remitter of the Transaction and thus not a party to the Transaction pursuant to the URC; moreover, Plaintiff is not the seller of the merchandise in question nor is it the Bill of Exchange (draft/promissory note) payee – ABN/Ahill hold that status.  See BOA Exhibit A, BOA collective Exhibit E  and BOA Exhibit F.

6.    The Transaction as presented to BOA by ABN was not against "payment" but, rather, only against " *...acceptance of draft"* (the Bill of Exchange dated *"13.03.2006"* i.e. March 13, 2006, by Affordable, the terms of which would obligate Affordable to directly pay Ahill, through Ahill's account at ABN,  for the merchandise on a 45-day time basis after Affordable received the documents. See BOA collective Exhibit E.

7.    BOA was not obligated to secure payment from Affordable upon release of the Transaction documents to Affordable but only to secure its "acceptance", *i.e.*  Affordable's initial acknowledgment of its contract undertaking/indebtedness to Ahill for the goods.  See BOA Exhibit A, Article 4b7.b. and Article 7b.

- 3 -

8.     BOA's Atlanta, Georgia branch released through error the documents to Affordable without apparently obtaining its written acceptance of the 45-day time draft, the Bill of Exchange. See accompanying Affidavit of Theodore Georgiades sworn to on August 14, 2007.

9.     Even as to Ahill, as owner/seller of the goods to Affordable, there are no damages as a matter of law and documented fact since it has received from Affordable the same effective acknowledgement of Affordable's indebtedness for the goods.  This is evidenced by the facts that (i) as the complaint itself alleges, Affordable took possession of the merchandise (BOA does not know whether the goods did or did not conform to Affordable's order as placed with Ahill as to quantity, quality, content, specifications, etc..., or even whether the goods as secured from the port containers by Affordable in fact contained what they were purported to contain or whether there was any shortage or damage), and (ii) Affordable did in fact make partial payment on the 45-day sight draft, the Bill of Exchange, to Ahill, through ABN.  Stated differently, Affordable's mere act of taking possession of the merchandise by the Transaction documents it had received from BOA established its legal obligation to pay Ahill, subject to whatever defenses it might have had once it inspected the goods; and of equal legal significance is the fact Affordable's "acceptance" of its obligations to pay Ahill (again subject to its defenses as to the goods) is clearly documented by its partial performance as evidenced by Affordable's payment to Ahill on May 24, 2006.

10.    There is no proximate cause between any action on the part of BOA and any alleged loss to the owner/seller of the goods, Ahill, and Ahill's rights, if any, are intact, as against Affordable to pursue collection of the remaining indebtedness, if any.

- 4 -

AS TO PLAINTIFF'S SECOND CAUSE OF ACTION

11.    As is the case with Plaintiff's First Cause of Action, and based upon Plaintiff's allegations, another purported shipment of goods is involved.  See BOA collective Exhibit B.  If so, no set of documentary collection documents has been produced by Plaintiff or otherwise nor are any known to BOA as to this alleged transaction; nor has BOA received any communication, tracer, payment demand or follow-up request from any purported remitting bank as to that alleged transaction. See accompanying Affidavit of Theodore Georgiades sworn to on August 14, 2007.

12.    As is the case with the First Cause of Action, Plaintiff likewise has no standing under the URC to maintain the Second Cause of Action since Plaintiff clearly is not, and does not allege to be, the remitter of the alleged documentary collection in any event.

13.    Irrespective of the legal standing preclusion to Plaintiff's action, Plaintiff also does not even establish as a matter of law any *prima facie* case since there is no documented evidence to establish (i) that any documentary collection even exists regarding the shipment alleged in the Second Cause of Action, (ii) the identity of the remitting bank under the URC of any such alleged documentary collection presentation, (iii) the specific terms and conditions set forth pursuant to the URC in any such alleged documentary collection presentation, and (iv) whether any such alleged documentary collection presentation was actually sent to, or even actually received by, BOA.

14.    The complete and utter lack of any showing establishing the identity of the purported remitting bank, the alleged terms of the documentary collection package, BOA's connection to, or even any receipt by BOA of, the documentary collection documents involved in

- 5 -

the alleged goods described in the Second Cause of Action separately preclude any recovery or

cause of action as a matter of evidence.

Dated:  White Plains, New York
         August 16, 2007

                         WILSON, ELSER, MOSKOWITZ,
                         EDELMAN & DICKER LLP

                         By
                         Constantine A. Despotakis (4944)
                         Attorneys for Defendant
                         Bank of America, N.A.
                         3 Gannett Drive
                         White Plains, NY  10604
                         (914) 323-7000
                         File No. 02503.00305

- 6 -

CONSTANTINE A. DESPOTAKIS, ESQ. (CD 4944)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York 10604
Tel.: (914) 323-7000
Attorneys for Defendant, Bank of America, N.A.

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

PL SHIPPING & LOGISTICS LTD.,

                        Plaintiff,

               -against-

H.J.M. INTERNATIONAL INC. and BANK OF
AMERICA and AFFORDABLE LUXURY
RYAN KENNY and RYAN GLOVER and
RONALD PLATOVSKY and ABN AMRO
BANK,

                   Defendants.

------------------------------------------------------------------x

07 CV 2818 (SHS)

AFFIDAVIT IN SUPPORT OF
MOTION FOR
SUMMARY JUDGMENT

COMMONWEALTH OF PENNSYLVANIA)
                                  ) ss.
COUNTY OF LACKAWANNA       )

THEODORE GEORGIADES, being duly sworn, deposes and says:

1.     I am a Vice-President and Senior Operations Manager in the Trade Services
Department of defendant, Bank of America, N.A. (sued herein under its common trade name of
"Bank of America"), hereinafter referred to as "BOA". The Trade Services Department is a
centralized operation headquartered in Scranton, Pennsylvania and its responsibilities include,
without limitation, receiving, processing and appropriately acting upon, as the circumstances
may warrant, various types of commercial transaction documents presented to BOA. Such

documents include, without limitation, documentary collections (such as is the case herein), letters of credit (including both standby and import/export letters of credit), trade acceptances and bankers acceptances.

2.     I am familiar with the facts and circumstances of this matter based upon (i) the books and records of BOA kept during the normal and ordinary course of its business, (ii) the pleadings in this matter, and (iii) the provisions of the governing industry Uniform Rules for Collections as promulgated by the International Chamber of Commerce, and embodied in Publication No. 522, Leaflet Version ICC No. 522 LF, hereinafter referred to as "URC 522", a copy of which is attached hereto for the Court's easy reference as <u>Exhibit A</u>, and (iv) my long experience and familiarity with the standard and usual industry procedures and practices in respect of the types of commercial transactions noted in paragraph 1 above, and including not only my thirteen (13) years with BOA and its predecessor banks, Fleet and NatWest, but also based upon my membership in, and Chairmanship of, the International Financial Services Association National Collection Committee. Accordingly, I respectfully submit this Affidavit in support of BOA's within motion for summary judgment to dismiss both plaintiff's action and the crossclaims asserted against BOA by defendant H.J.M. International, Inc. (hereinafter "HJM"). In addition, the Court's attention is respectfully referred to the accompanying affidavit of BOA's counsel herein, Constantine A. Despotakis.

3.     In paragraph 13 of the initial complaint filed in this action by plaintiff, it alleges that it was the *"shipper, consignee and/or owner ..."* of certain polo shirts and that it was purporting to bring this action *"... on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said polo shirts, as their respective interest may ultimately appear, and plaintiff PL Shipping is entitled to maintain this action"*. Plaintiff further asserted damages calculated at $44,157.92 and attached to its initial

complaint copies of two alleged separate purported shipping documents, as to which plaintiff, bearing an address in India, appears as "shipper" only as to one. The other designated shipper was an entity which appears to be "Ahill Knit Wears", likewise with an address in India. In addition, as to the one shipping document reflecting plaintiff, the designated consignee is HJM, with an address in Jamaica, New York, while on the shipping document relevant to Ahill Knit Wears, the consignee is designated as BOA's branch located in Atlanta, Georgia. Subsequently, plaintiff filed an amended complaint repeating the identical allegations in respect of the above, which plaintiff designated as "First Count", but then also adding a "Second Count" to assert an additional cause of action regarding a purported second documentary collection totaling $14,754.75. In support of the newly added second count, plaintiff attached various purported shipping documents, all of which list the shipper/exporter/manufacturer to be Rajpriya Exports, in India, with the sole exception of an Emirates Airway bill listing plaintiff simply as the "shipper". On that particular document, BOA is not designated as consignee or otherwise. As to the remaining documents relating to Rajpriya Exports, BOA appears as a consignee only on one while the designated consignee on all of the other documents is defendant Ryan Kenny. Finally, on or about August 2, 2007, plaintiff filed a second amended complaint bringing in as added defendants not only Ryan Glover and Ronald Platovsky, the alleged principals of defendant Affordable Luxury Ryan Kenny, but also ABN Amro Bank. Copies of plaintiff's initial and amended complaints are attached hereto as collective Exhibit B. Copies of the various answers and crossclaim answers filed by BOA and defendant H.J.M. International Inc. are attached hereto as collective Exhibit C.

4.    It is plaintiff's position in this matter that the subject documents, to the extent such were attached to its complaints were packaged and transmitted to BOA in a designated documentary collection package presentation. In order to explain the process to this Court for

the sake of clarity, a documentary collection is created when a seller of merchandise (in this case the seller is clearly Ahill Knit Wears in India) presents the various completed shipping documents regarding the goods to _its_ local bank with a request that _its_ bank process and present (deliver) the documents as per the required industry practice, rules and regulations to the purchaser's designated bank with certain designated instructions <u>as prepared by the seller's bank</u> to the receiving bank. Pursuant to the URC, the seller's bank is designated as the "remitting bank" (URC 3a2.) and the purchaser's bank is designated as the "collecting bank" (URC 3a3.). In the case herein, ABN Amro (hereinafter referred to as "ABN") is the remitting bank, while BOA is the collecting bank. As noted, it is the remitting bank that then prepares its collection instructions, terms and conditions as to what action, if any, the collecting bank is to undertake upon receipt of the documentary collection.    This is what constitutes the documentary collection and, pursuant to the URC, there are many types of possible instructions that could be set forth by the remitting bank. The possibilities range from instructions for the collecting bank to release the documents to the purchaser only upon receipt of payment to be then transmitted by the collecting bank to the remitting bank, to simply releasing the documents without payment, such as to release the documents against "<u>acceptance</u>" only.  As the Court can see, URC Article 4 sets forth a lengthy, clear and detailed set of requirements as to the contents required in a documentary collection prepared by a remitting bank.  Included in the many requirements are those set forth in URC 4b7.a which mandates the remitting bank to set forth the "*Terms and conditions upon which payment and or acceptance is to be obtained"* and in *URC 4b7.b* which separately requires the remitting bank to set forth the "*Terms of delivery of documents against 1) payment and/or acceptance 2)  other terms and conditions*."  Moreover, URC Article 5 is equally precise as to the steps and documents to be used in making presentation of the documentary collection to the collecting bank.

5.      As to the purported documentary collection in question asserted in plaintiff's

First Cause of Action, BOA had transmitted various requests to ABN in India to provide BOA

with copies of the purported documentary collection. Attached hereto as collective Exhibit D are

copies of those various transmissions to ABN. Finally, in July, 2007, ABN responded and on

July 27, 2007 I sent that response to BOA's attorney herein, Mr. Despotakis. Copies of ABN's

responsive documents, consisting of (i) its collection instructions, (ii) Bill of Exchange (the

promissory note/draft), (iii) two Commercial Invoices and (iv) two Pan Global Lines/PL

Shipping & Logistics Ltd. Multimodal Transport Documents (the bills of lading --- which also

clearly reflect plaintiff as a transporter of the goods, and not the owner/seller of the goods, which

is Ahill Knit Wears) are attached hereto as collective Exhibit E. These documents present some

critical facts (the Court should also note that the dates set forth on the various documents are in

the customary fashion used in India and other countries --- the month is listed first, followed by

the day and then the year). First, plaintiff is not the seller/owner of the subject goods. Second,

ABN's covering collection instructions specifically make the presentation subject to all of the

provisions of URC-522. Third , ABN's collection instructions clearly state that the presentation

is against acceptance only and not for BOA to secure payment prior to release of the documents.

Fourth, the documents attached by plaintiff to its initial complaint in this action are plain wrong -

-- a confusion created perhaps by the fact that it is not the seller/owner of the merchandise.

6.      Based upon all of the foregoing upon which plaintiff's First Cause of Action is

based, BOA respectfully submits to this Court that plaintiff (i) has no legal standing or right to

maintain this action, and (ii) in any event BOA has no liability to any party in this matter since

the documentary collection instructions were against acceptance only. Affiant will now

elaborate.

7.    As to the issue of standing, the URC specifically establishes the sole legal/contractual relationship only between the remitting bank (ABN herein) and the collecting bank (BOA herein). See URC Articles 1, 2, 3, 4, 5, 10 and 11, for example. Indeed a plain reading of all the provisions of the URC makes it clear that when a documentary collection is received from a remitting bank, the only legal relationship established is solely between that remitting bank and the collecting bank pursuant to the URC. Such is also the governing industry practice for such situations on documentary collections. Indeed, even in the case where a documentary collection is against actual payment (as opposed to acceptance which is the case herein) such payment is even restricted to be <u>only</u> to the remitting bank by the collecting bank. See URC 16b. This requirement is perfectly logical and consistent with the URC, and especially URC Articles 5 and 6, which speak in terms of an interbank processing and presentation of a documentary collection and which also require the remitting bank to set forth its instructions.

8.    As to the fact that the presentation from ABN to BOA of the documentary collection package (collective <u>Exhibit E</u>) was <u>only against acceptance</u>, the significance of that instruction, especially when coupled with another fact about which plaintiff obviously had no knowledge as evidenced from its pleadings, supports BOA position herein for a dismissal of the complaint and all H.J.M. crossclaims. As the Court will note, the documentary collection included a 45 day sight draft –the Bill of Exchange. This means that Ahill Knit Wears, as the seller of the goods, had agreed with Affordable Luxury Ryan Kenny, as the purchaser of the goods, that no immediate payment was required, but that Affordable Luxury Ryan Kenny had purchased the goods on "time". Affordable Luxury Ryan Kenny was to make direct payment on the draft to Ahill Knit Wears 45 days after its "acceptance" of the Bill of Exchange by Affordable Luxury Ryan Kenny. The sole purpose of BOA being required to secure the written acceptance of Affordable Luxury Ryan Kenny of the Bill of Exchange (URC Article 7b), was to

serve as an acknowledgement of the indebtedness of Affordable Luxury Ryan Kenny to the

seller, Ahill Knit Wears under that draft so that Ahill Knit Wears could enforce its rights in the

event of non-payment by Affordable Luxury Ryan Kenny.  BOA had received a prior message

from ABN inquiring as to the status of payment on the subject documentary collection it had

presented to BOA (attached hereto as collective Exhibit F).  Clearly, ABN confirms in that

message that the seller had on May 24, 2006 indeed received partial payment of $10,325.50

against the $44,157.90 obligation under the sight draft, leaving a balance of $33,832.40.

Obviously, as a matter of documented fact, this part payment evidences Affordable Luxury Ryan

Kenny's acceptance of its obligations under the 45-day sight draft.  Moreover, the seller's rights

against Affordable Luxury Ryan Kenny are certainly intact if it wishes to pursue full payment of

the remaining balance here in the United States (presuming Affordable Luxury Ryan Kenny does

not have defenses based upon the condition or conformity of the goods).  In short, the fact that

BOA did not apparently secure the formal "acceptance" of the draft (in this case, this would have

been done by having the purchaser sign the face of the draft) from Affordable Luxury Ryan

Kenny, as purchaser, prior to the release of the documents is not the cause of any loss by the

seller.  Moreover, no prejudice has resulted in the seller's rights to seek recovery from

Affordable Luxury Ryan Kenny either on the draft (especially since it made partial payment) or,

of equal importance, outside of the draft on, as I am advised by BOA's counsel herein, any

number of legal and equitable grounds since Affordable Luxury Ryan Kenny actually received

the goods (subject to any defenses as to quality, conformity, etc...).

9.       For the same reasons of standing and the above stated reasons that the collection

was only against acceptance, HJM's crossclaims against BOA must likewise be dismissed.  HJM

was also not the remitting bank and was the local freight forwarder here in New York who

released the merchandise to the purchaser upon presentation of the shipping documents that

allowed the purchaser to obtain such possession. In light of the plaintiff's lack of standing and the acceptance character of the documentary collection, HJM's crossclaims must also be dismissed.

10.     Finally, and unlike the above documents provided by ABN on plaintiff's First Cause of Action, BOA has absolutely no information or documents as to the plaintiff's Second Cause of Action. Obviously, the issue of plaintiff's lack of standing is the same. Moreover, and as the Court can appreciate from the above discussion, the need for BOA to have copies of the purported collection instructions would be for BOA to (i) review the actual documents allegedly submitted and (ii) review and verify the terms of the alleged URC instructions provided by the remitting bank. To date, BOA has not, to the best of my knowledge, information and belief, received any communication, tracer, demand or follow-up request from any bank purporting to be the remitting bank on any documentary collection matching the Second Cause of Action. Consequently,  and as I am advised by BOA's counsel  herein, plaintiff's action additionally falls based upon the lack of *prima facie* documentary evidence to initially indicate that BOA was even the collecting bank and, if so, what BOA's purported obligations were under the terms of the documentary collection. Accordingly, as to the Second Cause of Action, BOA does not even know whether it ever did receive documents from any remitting bank, much less with which bank it should communicate in order to request copies of the documentary collection instructions as to that transaction.

11.     Finally, a clarifying note for the Court.  BOA had none of the alleged documentary collection package and instructions and/or documents purportedly delivered to it in respect of the purported documentary collections recited in the First Cause of Action. Based upon my inquiries of the Atlanta branch of BOA, I was able to tentatively ascertain that some package was delivered to that branch as to the First Cause of Action and that the branch did

release the package to the purchaser. The branch did not make any copies, and so it was not until BOA's receipt of copies of the documents from ABN in July, 2007 that the nature of the transaction could be determined. As to the documentary collection package asserted in the plaintiff's Second Cause of Action, BOA has no documents whatsoever to date, as noted above. Moreover, I was unable to ascertain any information whatsoever that any such package was ever in fact received by BOA

WHEREFORE, it is respectfully requested that BOA's within motion for summary judgment be granted in full dismissing plaintiff's complaint and HJM's crossclaims against BOA in their entirety, together with such other and further relief as to this Court may seem just and proper under the circumstances.

THEODORE GEORGIADES

Sworn to before me this
14th day of August, 2007

Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Michael E. Evans, Notary Public
Laflin Boro, Luzerne County
My Commission Expires Aug. 31, 2010
Member, Pennsylvania Association of Notaries

CONSTANTINE A. DESPOTAKIS, ESQ. (CD 4944)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York 10604
Tel.: (914) 323-7000
Attorneys for Defendant, Bank of America, N.A.

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

PL SHIPPING & LOGISTICS LTD.,

                  Plaintiff,

           -against-

H.J.M. INTERNATIONAL INC. and BANK OF
AMERICA and AFFORDABLE LUXURY
RYAN KENNY and RYAN GLOVER and
RONALD PLATOVSKY and ABN AMRO
BANK,

                  Defendants.

-----------------------------------------------------------------x

07 CV 2818 (SHS)

AFFIDAVIT IN SUPPORT OF
MOTION  FOR
SUMMARY JUDGMENT

STATE OF NEW YORK        )
                          ) ss.
COUNTY OF WESTCHESTER   )

      CONSTANTINE A. DESPOTAKIS, being duly sworn deposes and says:

      1.   I am a member of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP attorneys for

Bank of America, N.A. sued herein under its common trade name Bank of America, (hereinafter

"BOA""). I am personally familiar with the facts hereinafter set forth as the attorney

representing BOA in this matter.

      2.    All of the relevant facts and documents are fully set forth in the accompanying

supporting affidavit of Theodore Giorgiades sworn to on August 14, 2007 in support of BOA's

motion herein, and in BOA's supporting motion exhibits. The purpose of this affidavit is not to repeat any of those facts but to merely respectfully focus the Court's attention on several critical core points and issues of law, as supported by the clear documentary evidence and, in the case of the plaintiff's Second Cause of Action, the absence of any documentation. Based upon these documented facts, it is respectfully submitted to this Court that BOA has absolutely no liability to either plaintiff, the owner/seller of the subject goods, Ahill, nor, indeed, to co-defendant H.J.M. or to any other party or non-party herein.

3.    As to plaintiff's First Cause of Action, it is clear that as a matter of law the subject matter of the transaction is not a maritime or admiralty claim, as repeatedly and most questionably alleged in plaintiff's initial complaint as well as in the subsequent two amended complaints, but, rather, a transaction governed by the URC.[1]  Consequently, plaintiff has absolutely no standing and no place at the legal table before this Court to maintain this action. Plaintiff is clearly not the remitter of the subject transaction documents, which BOA received from ABN's branch in India on behalf of Ahill, as the seller/owner of the merchandise to Affordable.  Moreover, the 45-day sight draft, the Bill of Exchange, was in favor of Ahill, which was to receive direct payment into its account at ABN from Affordable on a time payment basis of 45-days after taking possession of the documents.  The parties to the draft are Ahill and Affordable.

4.    In addition to the foregoing, BOA's only obligation to ABN under the terms of the Transaction was simply to secure Affordable's *pro forma* "acceptance" to the 45-day sight draft to memorialize Affordable's formal undertaking of its obligation to pay Ahill.  The Transaction did not require BOA to secure payment in exchange for the documents in any

---

[1]    All terms used herein shall have the defined meanings and definitions as ascribed to them in BOA's motion papers.

manner.  Clearly, and although the documents were released by BOA to Affordable without securing the formal written "acceptance" of the draft, Affordable did, accordingly to plaintiff's allegations, obtain possession of the subject merchandise when it was able to present the documents at the port and/or to the freight forwarder, co-defendant, HJM herein.  By the mere fact of taking possession of the documents and merchandise, the same undertaking as would have been evidenced by a formal written acceptance of the sight draft did in fact come to pass on the part of Affordable.  In addition, and of critical note, is the fact that Affordable even tendered payment, although it was partial payment, to Ahill a month or so after the presentation of the Transaction.  By so doing, Affordable as a matter of law specifically acknowledged and accepted its payment obligations for the purchase of the subject merchandise.  As a matter of law, acceptance and acknowledgment of a contract or other obligation is evidenced by partical performance such as in the form of any payment.  It is noteworthy that plaintiff seems to have had absolutely no knowledge about that partial payment or any of the other critical facts.  As a legal and factual stranger to the transaction, one wonders why plaintiff filed this action in the first instance.  Of course, this is not to say that Affordable, depending upon what it found when it picked up the merchandise may not have had defenses in respect of the nature of its order, compliance with its order specifications and/or shortages and/or damaged goods found in the container shipped by Ahill.  Perhaps that explains the partial payment, although all of those facts and any resulting dispute is clearly and solely between Affordable and Ahill.  Since BOA's obligations under the Transaction were only to obtain acceptance and not payment, that dispute if any does not involve BOA.  Consequently, BOA has no liability to plaintiff or to HJM and especially all the more so given plaintiff's lack of standing.

5.    Moreover, nothing that BOA has done has remotely prejudiced or affected Ahill's rights as the owner/seller of the merchandise to seek additional payment from Affordable

regarding the goods.  Ahill certainly can proceed against Affordable both under the terms of the original sight draft and also outside of that sight draft based upon Affordable's mere taking possession of the documents and merchandise.  Perhaps Ahill and Affordable are addressing those issues directly but, in any event, that is a matter between them and Plaintiff simply cannot maintain this action.

6.    Finally, in terms of the allegations contained in the Second Cause of Action, the same issue of plaintiff's lack of standing is still present.  However, no *prima facie* case whatsoever it presented as to that Second Cause of Action.  There is no evidence that any documentary collection package was even created by any remitting bank.  There is no evidence of the terms and conditions of any such documentary collection package that might have been sent by any remitting bank to BOA.  There is no evidence that any such documentary collection package was ever even sent to BOA and where or to whom.  There is no evidence that any such documentary collection package was ever actually received by BOA or where or by whom.  As stated, Plaintiff lacks any standing to maintain this action, but certainly as to the Second Cause of Action there is absolutely no legally cognizable or *prima facie* case established.

7.    In light of all of the foregoing, it is respectfully submitted to this Court that Plaintiff's action must be dismissed, together with the asserted crossclaims of HJM as against BOA.[2]  One can only be left to wonder why Plaintiff filed this action in the first instance in light of its lack of standing and in further light of its obvious lack of any knowledge as to the nature of

---

[2]      In light of the relief being requested by BOA in this motion to dismiss the Plaintiff's complaint, naturally, all HJM crossclaims against BOA will necessarily fall since plaintiff lacks standing and in light of the lack of damage or prejudice to the seller/owner of the merchandise for all the reasons noted.  The issue of why HJM would have also released the goods to Affordable upon presentation of the Transaction documents when BOA as designated consignee had not endorsed the Pan Global Bills of Lading is not be reached.  Without BOA's endorsement, it is affiant's understanding that those Bills of Lading could not be properly negotiated to, or accepted by HJM.

the underlying transactions - even as to the fact of partial payment having been made to Ahill by Affordable.

WHEREFORE, it is respectfully requested that BOA's within motion for summary judgment be granted in full dismissing plaintiff's complaint and HJM's crossclaims against BOA in their entirety, together with such other and further relief as to this Court may seem just and proper under the circumstances.

Dated: White Plains, NY
      August 16, 2007

Constantine A. Despotakis

1668263.1

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                              ) ss.:
COUNTY OF WESTCHESTER    )

Geri Manno, being duly sworn, deposes and says:

I am not a party to the action, am over the age of 18 years of age and reside in Westchester County, New York.

On August 16, 2007, I served the within **Notice of Motion for Summary Judgment with supporting papers** by depositing a true copy thereof enclosed in a postpaid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to the following persons at the last known addresses set forth after each name:

EUGENE J. MCDONALD, ESQ.
Attorneys for Plaintiff,
PL Shipping & Logistics Ltd.
170 Broad Street
Matawan, NJ 07747

Patrick Michael DeCharles II, Esq.
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR
Attorneys for Defendant
H.J.M. International Inc.
61 Broadway, Room 3000
New York, NY 10006-2809

Affordable Luxury Ryan Kelly
Defendant *Pro Se*
1407 Broadway
New York, NY 10018

ABN Amro Bank
Defendant *Pro Se*
Centralized Trd Fin
177 Anna Salai, 3rd Fl.
Unit 307-309 Raheja Tower
Chennai, India

Ryan Glover
Defendant *Pro Se*
1407 Broadway
New York, NY 10018

Ronald Platovsky
Defendant *Pro Se*
1407 Broadway
New York, NY 10018

Geri Manno

Sworn to before me this
16th day of August, 2007

Notary Public

LAURA HANNA
Notary Public, State of New York
No. 01HA6035322
Qualified in Westchester County
Commission Expires December 27, 2009

1666200.1