EUGENE J. McDONALD, ESQ.
170 Broad Street
Matawan, NJ 07747
Tele:   732 583 8485
Attorney for PL Shipping & Logistics Ltd.

## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – –x

PL SHIPPING & LOGISTICS LTD.

        Plaintiff,

        v.

H.J.M INTERNATIONAL INC. and BANK
OF AMERICA and AFFORDABLE
LUXURY RYAN KENNY and RYAN
GLOVER AND RONALD PLATOVSKY
and ABN AMRO BANK

        Defendants

– – – – – – – – – – – – – – – – – – – – – – –x

DOCKET NO. 07 CV 2818 (SHS)

SECOND AMENDED
VERIFIED  COMPLAINT

    Plaintiff, PL SHIPPING AND LOGISTICS LTD. hereinafter referred to as PL

SHIPPING, by its attorney, EUGENE J. McDONALD, ESQ., alleges upon information

and belief, as follows:

### FIRST COUNT

    1.    All and singular the following premises are true and constitute an

admiralty or maritime claim within the meaning of Rule 4 9 (h) of the Federal Rules of

Civil Procedure and within the admiralty and maritime jurisdiction of the United States

and of this Honorable Court.   Also, inasmuch as the within action is governed by

federal common law, it involves a federal question, and this Court has jurisdiction pursuant to 28 U.S.C. §1331.

2.    PL SHIPPING is a foreign company organized and existing under the laws of India.  Although PL SHIPPING does not have an office within the Southern District of New York, it does, on a regular basis, conduct business within the Southern District and for that matter the metropolitan New York area.

3.    The Defendant, H.J.M. INTERNATIONAL, INC., hereinafter referred to as H.J.M., at and during all the times hereinafter mentioned, had and now have the legal status and office and place of business at 53-39 Rockaway Boulevard, Jamaica, New York 11434, and was and now is engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and/or otherwise controlled the vessel above named as common carriers of merchandise by water for hire.

4.    The Defendant, BANK OF AMERICA, hereinafter referred to as BOA, at and during all the times hereinafter mentioned, had and now have the legal status as and international banking concern with branches throughout the world including the Southern District,  and which in this instance had and now have a branch located at 8755 Rosewell Road, Atlanta, Georgia 30350.

5    The Defendant, H.J.M. INTERNATIONAL, INC., hereinafter referred to as H.J.M., at and during all the times hereinafter mentioned, had and now have the legal status and office and place of business at 53-39 Rockaway Boulevard, Jamaica, New York 11434, and was and now is engaged in business as common carriers of

2

merchandise by water for hire, and owned, operated, managed, chartered and/or otherwise controlled the vessel as common carriers of merchandise by water for hire.

6.    The Defendant, AFFORDABLE LUXURY RYAN KENNY, hereinafter referred to as AFFORDABLE, at and during all the times hereinafter mentioned, had and now have the legal status and office and place of business at 1407 Broadway, New York, New York 10018.

7.    The Defendant, ABN AMRO BANK, hereinafter referred to as AMRO, at and during all the times hereinafter mentioned, had and now have the legal status as and international banking concern with branches throughout the world including the Southern District, and which in this instance had and now have a branch located at Centralized Trd Fin, 177 Anna Salai, 3rd Fl., Unit 307-309, Raheja Tower, Chennai, India.

8.    The Defendant(s), RYAN GLOVER AND RONALD PLATOVSKY, hereinafter referred to as GLOVER & PLATOVSKY, at and during all the times hereinafter mentioned, individually and jointly traded under the name of Affordable Luxury Ryan Kenny, having their individual and joint officesat 1407 Broadway, New York, New York 10018.

9.    This Court has personal jurisdiction over the Defendants and venue is proper reason of Defendants' regular and systematic contacts with the State of New York.

10.    On or about March 19th, 2006, shipped on board and on March 22nd, 2006 shipped on board by PL SHIPPING from the Port of Tuticorin, India, to be transported to the Port of New York, U.S.A., 100% cotton knitted mens S/S polo shirts, hereinafter

referred to as POLO SHIRTS, then being in good order and condition, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, said shipments of polo shirts arrived at the port of destination, the Port of New York.

11.    Defendant, AFFORDABLE, requested, purchased and received polo shirts from Plaintiff, PL SHIPPING.  Defendant, AFFORDABLE, ordered the POLO SHIRTS from Plaintiff, PL SHIPPING, but has not paid for the POLO SHIRTS it received.

12.    Defendant(s) , GLOVER & PLATOVSKY, requested, purchased and received polo shirts from Plaintiff, PL SHIPPING.    Defendant(s), GLOVER & PLATOVSKY, ordered the POLO SHIRTS from Plaintiff, PL SHIPPING, but have not paid for the POLO SHIRTS they received.

13.    Defendant, H.J.M., delivered Plaintiff PL SHIPPING's POLO SHIRTS from the Port of Tuticorin to the Port of New York where it and Defendant AFFORDABLE and/or Defendant(s) GLOVER & PLATOVSKY, received the POLO SHIRTS. Defendant, H.J.M. improperly, wrongfully and negligently discharged Plaintiff's POLO SHIRTS to Defendant AFFORDABLE and/or GLOVER & PLATOVSKY,  in the Port of New York without proper documentation.

14.    Defendant, BOA, improperly    released    documents    to    Defendant AFFORDABLE and/or GLOVER & PLATOVSKY,    which   allowed   Defendant AFFORDABLE and/or GLOVER & PLATOVSKY, to present said documents to Defendant H.J.M. and thereby obtain Plaintiff's POLO SHIRTS without paying for them.

4

*[handwritten: same as #12]*

15.    Prior to Defendant AFFORDABLE and/or GLOVER & PLATOVSKY, receiving Plaintiff PL SHIPPING's POLO SHIRTS, Defendant BOA agreed and was legally obligated to debit Defendant AFFORDABLE and/or GLOVER & PLATOVSKY,'s account for the cost of the POLO SHIRTS, pay Plaintiff PL SHIPPING and then "endorse" the Bill of Lading and Invoice which would allow Defendant H.J.M. to release the POLO SHIRTS to Defendant AFFORDABLE and/or GLOVER & PLATOVSKY, upon Defendant AFFORDABLE and/or GLOVER & PLATOVSKY,'s presentation of the endorsed Bill of Lading and Invoice to Defendant H.J.M.. That did not happen. Upon Defendant BOA's receipt of the documents, i.e., Bill of Lading and Invoice and ancillary papers, it, Defendant BOA, improperly, wrongfully and negligently released the Bill of Lading and ancillary papers without endorsement and delivered said papers to the Defendant, AFFORDABLE and/or GLOVER & PLATOVSKY. Defendant H.J.M. improperly, wrongfully and negligently, without legal and properly endorsed Bill of Lading and Invoice, improperly, wrongfully and negligently released Plaintiff's POLO SHIRTS to Defendant AFFORDABLE and/or GLOVER & PLATOVSKY, without Defendant AFFORDABLE and/or GLOVER & PLATOVSKY, paying for the POLO SHIRTS.

*[handwritten: new]*

16.    Defendant, AMRO, improperly released documents to Defendant AFFORDABLE and/or GLOVER & PLATOVSKY, which allowed Defendant AFFORDABLE and/or GLOVER & PLATOVSKY, to present said documents to Defendant H.J.M. and thereby obtain Plaintiff's POLO SHIRTS without paying for them.

*New*

17.    Prior to Defendant AFFORDABLE and/or GLOVER & PLATOVSKY, receiving Plaintiff PL SHIPPING's POLO SHIRTS, Defendant AMRO agreed and was legally obligated to debit Defendant AFFORDABLE and/or GLOVER & PLATOVSKY,'s account for the cost of the POLO SHIRTS, pay Plaintiff PL SHIPPING and then "endorse" the Bill of Lading and Invoice which would allow Defendant H.J.M. to release the POLO SHIRTS to Defendant AFFORDABLE and/or GLOVER & PLATOVSKY, upon Defendant AFFORDABLE and/or GLOVER & PLATOVSKY,'s presentation of the endorsed Bill of Lading and Invoice to Defendant H.J.M.. That did not happen. Upon Defendant AMRO's receipt of the documents, i.e., Bill of Lading and Invoice and ancillary papers, it, Defendant AMRO, improperly, wrongfully and negligently released the Bill of Lading and ancillary papers without endorsement and delivered said papers to the Defendant, AFFORDABLE and/or GLOVER & PLATOVSKY. Defendant H.J.M. improperly, wrongfully and negligently, without legal and properly endorsed Bill of Lading and Invoice, improperly, wrongfully and negligently released Plaintiff's POLO SHIRTS to Defendant AFFORDABLE and/or GLOVER & PLATOVSKY, without Defendant AFFORDABLE and/or GLOVER & PLATOVSKY, paying for the POLO SHIRTS.

18.    Plaintiff PL SHIPPING was the shipper, consignee and/or owner of the POLO SHIRTS and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said POLO SHIRTS, as their respective interests may ultimately appear, and Plaintiff PL SHIPPING is entitled to maintain this action.

6

*same as #14*

19.    By reason of the premises, Plaintiff PL SHIPPING has sustained damages as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of U.S. $44,157.92 plus freight.

WHEREFORE, Plaintiff prays:

1.    That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2.    That if Defendants cannot be found within this District, then all of their property within this District shall be attached in the sum of U.S. $44,157.92 with interest thereon and costs, the sum sued for in this Complaint;

3.    That Judgment may be entered in favor of Plaintiff against Defendants, jointly and severally, in the sum of U.S. $44,157.92, together with interest, costs and counsel fees as allowed by law.

## SECOND COUNT

*same*

1.    Plaintiff, PL SHIPPING AND LOGISTICS LTD. repeats and realleges the allegations contained in paragraphs 1 through 14 as if set forth at length herein.

*same*

2.    On or about October 14th, 2006, shipped via air and on October 14th, 2006 shipped via air by PL SHIPPING from Chennai, India, to be transported to the New York, U.S.A., "100% cotton knitted garments and mens fleece garments, mens T. shirt, Jacket, pant," hereinafter referred to as MENS GARMENTS, then being in good order and condition, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, said shipments of MENS GARMENTS arrived at their destination, New York.

7

*same* 3.     Defendant, AFFORDABLE and/or GLOVER & PLATOVSKY, requested, purchased and received MENS GARMENTS from Plaintiff, PL SHIPPING. Defendant, AFFORDABLE and/or GLOVER & PLATOVSKY, ordered the MENS GARMENTS from Plaintiff, PL SHIPPING, but has not paid for the MENS GARMENTS it received.

*same* 4.     Defendant, H.J.M., delivered Plaintiff PL SHIPPING's MENS GARMENTS from Chennai, India to New York where it and Defendant AFFORDABLE and/or GLOVER & PLATOVSKY received the MENS GARMENTS. Defendant, H.J.M. improperly, wrongfully and negligently discharged Plaintiff's MENS GARMENTS to Defendant AFFORDABLE and/or GLOVER & PLATOVSKY in New York without proper documentation.

*same* 5.     Defendant, BOA, improperly released documents to Defendant AFFORDABLE and/or GLOVER & PLATOVSKY which allowed Defendant AFFORDABLE and/or GLOVER & PLATOVSKY to present said documents to Defendant H.J.M. and thereby obtain Plaintiff's MENS GARMENTS without paying for them.

*same* 6.     Prior to Defendant AFFORDABLE and/or GLOVER & PLATOVSKY receiving Plaintiff PL SHIPPING's MENS GARMENTS, Defendant BOA agreed and was legally obligated to debit Defendant AFFORDABLE and/or GLOVER & PLATOVSKY's account for the cost of the MENS GARMENTS, pay Plaintiff PL SHIPPING and then "endorse" the Air Waybill and Invoice which would allow Defendant H.J.M. to release the MENS GARMENTS to Defendant AFFORDABLE and/or GLOVER & PLATOVSKY upon Defendant AFFORDABLE and/or GLOVER &

8

PLATOVSKY's presentation of the endorsed Air Waybill and Invoice to Defendant H.J.M.. That did not happen. Upon Defendant BOA's receipt of the documents, i.e., Air Waybill and Invoice and ancillary papers, it, Defendant BOA, improperly, wrongfully and negligently released the Air Waybill and ancillary papers without endorsement and delivered said papers to the Defendant, AFFORDABLE and/or GLOVER & PLATOVSKY. Defendant H.J.M. improperly, wrongfully and negligently, without legal and properly endorsed Bill of Lading and Invoice, improperly, wrongfully and negligently released Plaintiff's MENS GARMENTS to Defendant AFFORDABLE and/or GLOVER & PLATOVSKY without Defendant AFFORDABLE and/or GLOVER & PLATOVSKY paying for the MENS GARMENTS.

New        7.    Defendant, AMRO, improperly released documents to Defendant AFFORDABLE and/or GLOVER & PLATOVSKY which allowed Defendant AFFORDABLE and/or GLOVER & PLATOVSKY to present said documents to Defendant H.J.M. and thereby obtain Plaintiff's MENS GARMENTS without paying for them.

New        8.    Prior to Defendant AFFORDABLE and/or GLOVER & PLATOVSKY receiving Plaintiff PL SHIPPING's MENS GARMENTS, Defendant AMRO agreed and was legally obligated to debit Defendant AFFORDABLE and/or GLOVER & PLATOVSKY's account for the cost of the MENS GARMENTS, pay Plaintiff PL SHIPPING and then "endorse" the Air Waybill and Invoice which would allow Defendant H.J.M. to release the MENS GARMENTS to Defendant AFFORDABLE and/or GLOVER & PLATOVSKY upon Defendant AFFORDABLE and/or GLOVER &

9

PLATOVSKY's presentation of the endorsed Air Waybill and Invoice to Defendant H.J.M.. That did not happen. Upon Defendant AMRO's receipt of the documents, i.e., Air Waybill and Invoice and ancillary papers, it, Defendant AMRO, improperly, wrongfully and negligently released the Air Waybill and ancillary papers without endorsement and delivered said papers to the Defendant, AFFORDABLE and/or GLOVER & PLATOVSKY. Defendant H.J.M. improperly, wrongfully and negligently, without legal and properly endorsed Bill of Lading and Invoice, improperly, wrongfully and negligently released Plaintiff's MENS GARMENTS to Defendant AFFORDABLE and/or GLOVER & PLATOVSKY without Defendant AFFORDABLE and/or GLOVER & PLATOVSKY paying for the MENS GARMENTS.

9.    Plaintiff PL SHIPPING was the shipper, consignee and/or owner of the MENS GARMENTS and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said MENS GARMENTS, as their respective interests may ultimately appear, and Plaintiff PL SHIPPING is entitled to maintain this action.

10.    By reason of the premises, Plaintiff PL SHIPPING has sustained damages as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of U.S. $14,754.75 plus freight.

WHEREFORE, Plaintiff prays:

1.    That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

10

2.      That if Defendants cannot be found within this District, then all of their property within this District shall be attached in the sum of U.S. $44,157.92 with interest thereon and costs on the FIRST COUNT and:, the sum of U.S. $14,754.75 with interest thereon and costs on the SECOND COUNT, for a total sum $58,912.67, the combined sums of COUNTS ONE AND TWO, sued for in this Complaint;

3.      That Judgment may be entered in favor of Plaintiff against Defendants, jointly and severally, in the total sum of U.S. $58,912.67, together with interest, costs and counsel fees as allowed by law.


Dated:  August 2 2007

Eugene J. McDonald, Esq. (EJMcD -0882)
170 Broad Street
Matawan, NJ 07747
Attorney for Plaintiff
PL Shipping, LTD
732 583 8485

STATE OF NEW JERSEY          )
                             : ss.:
COUNTY OF MONMOUTH           )

EUGENE J. McDONALD, ESQ., being duly sworn, deposes and says:

1.      I am admitted to practice before the Courts of the State(s) of New York, New Jersey, Pennsylvania and Florida and admitted to practice before this Honorable Court.

2.      I have read the foregoing amended verified complaint and know the contents thereof, and that the same is true to the best of my knowledge, information and belief.

3.      That the source of my information and the grounds for my belief as to all matters are documents and correspondence relating to the matter in suit in my possession forwarded to me by Plaintiff.

4.      That the reason this verification is made by me and not by Plaintiff, PL Shipping & Logistics Ltd., is that said plaintiff is a corporation and/or other business entity, none of whose officers or directors are presently with in this District.

                                    Eugene J. McDonald, Esq.

Sworn to before me this
2nd day of August, 2007

Linda M. McDonald, Notary Public

LINDA M. McDONALD
NOTARY PUBLIC OF NEW JERSEY
I.D No.. 2197485
Commission Expires 3/18/2012

12

EUGENE J. McDONALD, ESQ.
170 Broad Street
Matawan, NJ 07747
Tele:  732 583 8485
Attorney for PL Shipping & Logistics Ltd.

## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ x

PL SHIPPING & LOGISTICS LTD.

DOCKET NO. 07 CV 2818 (SHS)

      Plaintiff,

          v.

AMENDED VERIFIED COMPLAINT

H.J.M INTERNATIONAL INC. and BANK
OF AMERICA and AFFORDABLE
LUXURY RYAN KENNY

      Defendants

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ x

     Plaintiff, PL SHIPPING AND LOGISTICS LTD. hereinafter referred to as PL

SHIPPING, by its attorney, EUGENE J. McDONALD, ESQ., alleges upon information

and belief, as follows:

### FIRST COUNT

     1.     All and singular the following premises are true and constitute an

admiralty or maritime claim within the meaning of Rule 4 9 (h) of the Federal Rules of

Civil Procedure and within the admiralty and maritime jurisdiction of the United States

and of this Honorable Court.  Also, inasmuch as the within action is governed by

federal common law, it involves a federal question, and this Court has jurisdiction

pursuant to 28 U.S.C. §1331.

2.     PL SHIPPING is a foreign company organized and existing under the laws of India. Although PL SHIPPING does not have an office within the Southern District of New York, it does, on a regular basis, conduct business within the Southern District and for that matter the metropolitan New York area.

3.     The Defendant, H.J.M. INTERNATIONAL, INC., hereinafter referred to as H.J.M., at and during all the times hereinafter mentioned, had and now have the legal status and office and place of business at 53-39 Rockaway Boulevard, Jamaica, New York 11434, and was and now is engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and/or otherwise controlled the vessel above named as common carriers of merchandise by water for hire.

4.     The Defendant, BANK OF AMERICA, hereinafter referred to as BANK, at and during all the times hereinafter mentioned, had and now have the legal status as and international banking concern with branches throughout the world including the Southern District, and which in this instance had and now have a branch located at 8755 Rosewell Road, Atlanta, Georgia 30350.

5     The Defendant, H.J.M. INTERNATIONAL, INC., hereinafter referred to as H.J.M., at and during all the times hereinafter mentioned, had and now have the legal status and office and place of business at 53-39 Rockaway Boulevard, Jamaica, New York 11434, and was and now is engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and/or otherwise controlled the vessel as common carriers of merchandise by water for hire.

2

6.    The Defendant, AFFORDABLE LUXURY RYAN KENNY, hereinafter referred to as AFFORDABLE, at and during all the times hereinafter mentioned, had and now have the legal status and office and place of business at 1407 Broadway, New York, New York 10018.

7.    This Court has personal jurisdiction over the Defendants and venue is proper reason of Defendants' regular and systematic contacts with the State of New York.

8.    On or about March 19th, 2006, shipped on board and on March 22nd, 2006 shipped on board by PL SHIPPING from the Port of Tuticorin, India, to be transported to the Port of New York, U.S.A., 100% cotton knitted mens S/S polo shirts, hereinafter referred to as POLO SHIRTS, then being in good order and condition, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, said shipments of polo shirts arrived at the port of destination, the Port of New York.

9.    Defendant, AFFORDABLE, requested, purchased and received polo shirts from Plaintiff, PL SHIPPING.  Defendant, AFFORDABLE, ordered the POLO SHIRTS from Plaintiff, PL SHIPPING, but has not paid for the POLO SHIRTS it received.

10.    Defendant, H.J.M., delivered Plaintiff PL SHIPPING's POLO SHIRTS from the Port of Tuticorin to the Port of New York where it and Defendant AFFORDABLE received the POLO SHIRTS. Defendant, H.J.M. improperly, wrongfully and negligently discharged Plaintiff's POLO SHIRTS to Defendant AFFORDABLE in the Port of New York without proper documentation.

3

11.   Defendant, BANK, improperly released documents to Defendant AFFORDABLE which allowed Defendant AFFORDABLE to present said documents to Defendant H.J.M. and thereby obtain Plaintiff's POLO SHIRTS without paying for them.

12.   Prior to Defendant AFFORDABLE receiving Plaintiff PL SHIPPING's POLO SHIRTS, Defendant BANK agreed and was legally obligated to debit Defendant AFFORDABLE's account for the cost of the POLO SHIRTS, pay Plaintiff PL SHIPPING and then "endorse" the Bill of Lading and Invoice which would allow Defendant H.J.M. to release the POLO SHIRTS to Defendant AFFORDABLE upon Defendant AFFORDABLE's presentation of the endorsed Bill of Lading and Invoice to Defendant H.J.M.. That did not happen. Upon Defendant BANK's receipt of the documents, i.e., Bill of Lading and Invoice and ancillary papers, it, Defendant BANK, improperly, wrongfully and negligently released the Bill of Lading and ancillary papers without endorsement and delivered said papers to the Defendant, AFFORDABLE. Defendant H.J.M. improperly, wrongfully and negligently, without legal and properly endorsed Bill of Lading and Invoice, improperly, wrongfully and negligently released Plaintiff's POLO SHIRTS to Defendant AFFORDABLE without Defendant AFFORDABLE paying for the POLO SHIRTS.

13.   Plaintiff PL SHIPPING was the shipper, consignee and/or owner of the POLO SHIRTS and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said POLO

SHIRTS, as their respective interests may ultimately appear, and Plaintiff PL SHIPPING is entitled to maintain this action.

14.    By reason of the premises, Plaintiff PL SHIPPING has sustained damages as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of U.S. $44,157.92 plus freight.

WHEREFORE, Plaintiff prays:

1.    That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2.    That if Defendants cannot be found within this District, then all of their property within this District shall be attached in the sum of U.S. $44,157.92 with interest thereon and costs, the sum sued for in this Complaint;

3.    That Judgment may be entered in favor of Plaintiff against Defendants, jointly and severally, in the sum of U.S. $44,157.92, together with interest, costs and counsel fees as allowed by law.

## SECOND COUNT

1.    Plaintiff, PL SHIPPING AND LOGISTICS LTD. repeats and realleges the allegations contained in paragraphs 1 through 14 as if set forth at length herein.

2.    On or about October 14th, 2006, shipped via air and on October 14th, 2006 shipped via air by PL SHIPPING from Chennai, India, to be transported to the New York, U.S.A., "100% cotton knitted garments and mens fleece garments, mens T. shirt, Jacket, pant," hereinafter referred to as MENS GARMENTS, then being in good order and condition, and in consideration of certain agreed freight charges thereupon paid or

agreed to be paid, said shipments of MENS GARMENTS arrived at their destination, New York.

3.    Defendant, AFFORDABLE, requested, purchased and received MENS GARMENTS from Plaintiff, PL SHIPPING.  Defendant, AFFORDABLE, ordered the MENS GARMENTS from Plaintiff, PL SHIPPING, but has not paid for the MENS GARMENTS it received.

4.    Defendant, H.J.M., delivered Plaintiff PL SHIPPING's MENS GARMENTS from Chennai, India to New York where it and Defendant AFFORDABLE received the MENS GARMENTS.  Defendant, H.J.M. improperly, wrongfully and negligently discharged Plaintiff's MENS GARMENTS to Defendant AFFORDABLE in New York without proper documentation.

5.    Defendant, BANK, improperly released documents to Defendant AFFORDABLE which allowed Defendant AFFORDABLE to present said documents to Defendant H.J.M. and thereby obtain Plaintiff's MENS GARMENTS without paying for them.

6.    Prior to Defendant AFFORDABLE receiving Plaintiff PL SHIPPING's MENS GARMENTS, Defendant BANK agreed and was legally obligated to debit Defendant AFFORDABLE's account for the cost of the MENS GARMENTS, pay Plaintiff PL SHIPPING and then "endorse" the Air Waybill and Invoice which would allow Defendant H.J.M. to release the MENS GARMENTS to Defendant AFFORDABLE upon Defendant AFFORDABLE's presentation of the endorsed Air Waybill and Invoice to Defendant H.J.M..  That did not happen.  Upon Defendant BANK's receipt of the

6

documents, i.e., Air Waybill and Invoice and ancillary papers, it, Defendant BANK, improperly, wrongfully and negligently released the Air Waybill and ancillary papers without endorsement and delivered said papers to the Defendant, AFFORDABLE. Defendant H.J.M. improperly, wrongfully and negligently, without legal and properly endorsed Bill of Lading and Invoice, improperly, wrongfully and negligently released Plaintiff's MENS GARMENTS to Defendant AFFORDABLE without Defendant AFFORDABLE paying for the MENS GARMENTS.

7.    Plaintiff PL SHIPPING was the shipper, consignee and/or owner of the MENS GARMENTS and brings this action on its own behalf and as agent or trustee on behalf of and for the interest of all parties who may be or become interested in the said MENS GARMENTS, as their respective interests may ultimately appear, and Plaintiff PL SHIPPING is entitled to maintain this action.

8.    By reason of the premises, Plaintiff PL SHIPPING has sustained damages as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of U.S. $14,754.75 plus freight.

WHEREFORE, Plaintiff prays:

1.    That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2.    That if Defendants cannot be found within this District, then all of their property within this District shall be attached in the sum of U.S. $44,157.92 with interest thereon and costs on the FIRST COUNT and, the sum of U.S. $14,754.75 with interest

7

thereon and costs on the SECOND COUNT, for a total sum $58,912.67, the combined

sums of COUNTS ONE AND TWO, sued for in this Complaint;

3.    That Judgment may be entered in favor of Plaintiff against Defendants,

jointly and severally, in the total sum of U.S. $58,912.67, together with interest, costs and

counsel fees as allowed by law.


Dated:  June 7, 2007

Eugene J. McDonald, Esq. (EJMcD -0882)
170 Broad Street
Matawan, NJ 07747
Attorney for Plaintiff
PL Shipping, LTD
732 583 8485

8

STATE OF NEW JERSEY            )
                                         : ss.:
COUNTY OF MONMOUTH        )

    EUGENE J. McDONALD, ESQ., being duly sworn, deposes and says:

    1.    I am admitted to practice before the Courts of the State(s) of New York, New Jersey, Pennsylvania and Florida and admitted to practice before this Honorable Court.

    2.    I have read the foregoing amendedverified complaint and know the contents thereof, and that the same is true to the best of my knowledge, information and belief.

    3.    That the source of my information and the grounds for my belief as to all matters are documents and correspondence relating to the matter in suit in my possession forwarded to me by Plaintiff.

    4.    That the reason this verification is made by me and not by Plaintiff, PL Shipping & Logistics Ltd., is that said plaintiff is a corporation and/or other business entity, none of whose officers or directors are presently with in this District.

                     Eugene J. McDonald, Esq.

Sworn to before me this
7th day of June, 2007

_Linda M. McDonald_
Linda M. McDonald, Notary Public
LINDA M. McDONALD
NOTARY PUBLIC OF NEW JERSEY
I.D No.. 2197485
Commission Expires 3/18/2012

9

176- 3654 2052                                        176- 3654 2052

| Shipper's Name and Address | Shipper's Account Number | Not Negotiable **Air Waybill** Issued by |
|---|---|---|
| PL SHIPPING & LOGISTICS LTD., NO:147 RAJAJI SALAI CHENNAI-600 001 INDIA. | | **Emirates** Group Headquarters, Al Maktoum Street, Deira, Dubai, United Arab Emirates Member of International Air Transport Association |

Copies 1, 2 and 3 of this Air Waybill are originals and have the same validity.

| Consignee's Name and Address | |
|---|---|
| H.J.M INTERNATIO 153-39, ROCKWAY BLVD JAMAICA NY 11434 U.S.A. TEL: 718 276 5344 | It is agreed that the goods described herein are accepted in apparent good order and condition (except as noted) for carriage SUBJECT TO THE CONDITIONS OF CONTRACT ON THE REVERSE HEREOF. ALL GOODS MAY BE CARRIED BY ANY OTHER MEANS INCLUDING ROAD OR ANY OTHER CARRIER UNLESS SPECIFIC CONTRARY INSTRUCTIONS ARE GIVEN HEREON BY THE SHIPPER, AND SHIPPER AGREES THAT THE SHIPMENT MAY BE CARRIED VIA INTERMEDIATE STOPPING PLACES WHICH THE CARRIER DEEMS APPROPRIATE. THE SHIPPER'S ATTENTION IS DRAWN TO THE NOTICE CONCERNING CARRIER'S LIMITATION OF LIABILITY. Shipper may increase such limitation of liability by declaring a higher value for carriage and paying a supplemental charge if required. |

| Issuing Carrier's Agent Name and City | Accounting Information |
|---|---|
| PL SHIPPING & LOGISTICS LTD., CHENNAI-01 | **FREIGHT PREPAID** HAWB NO: 002130 |

| Agent's IATA Code | Account No. |
|---|---|
| 14.3.5019 | |

| Airport of Departure (Addr. of First Carrier) and Requested Routing |
|---|
| CHENNAI:INDIA. |

| To | By First Carrier Routing and Destination | to | by | to | by | Currency | WT/VAL | Other | Declared Value for Carriage | Declared Value for Customs |
|---|---|---|---|---|---|---|---|---|---|---|
| DXB EK | | NYC EK | | | | INR | X | X | NVD | |

| Airport of Destination | Requested Flight/Date | Amount of Insurance | INSURANCE — If carrier offers insurance, and such insurance is requested in accordance with the conditions thereof, indicate amount to be insured in figures in box marked "Amount of Insurance". |
|---|---|---|---|
| NEW YORK | | | |

Handling Information

(53) CTNS MARKED:PO#STYLE#COLOUR QNTY:SIZE CTN NOS: 1-53.ONE COVER ENCLOSED CONTG INVDICE PACKING LIST AND HAWB.                    SCI

| No. of Places RCP | Gross Weight | | Rate Class Commodity Item No. | Chargeable Weight | Rate Charge | Total | Nature and Quantity of Goods (incl. Dimensions or Volume) |
|---|---|---|---|---|---|---|---|
| 53 | 726.0 | Q | | 750.0 | 110.00 | 82500.00 | CONSOL CARGO AS PER ATTACHED MANIFEST. 100% COTTON KNITTED GARMENTS & MENS FLEECE GARMENTS. MENS T.SHIRT,JACKET, PANTS. INV NO:RE/104 DATED:14.10.06 PO#1039/1040/1041/ 1042/1043/1038. SB NO: DIMNS IN CMS 58×41×30=30 |

| Prepaid | Weight Charge | Collect | Other Charges |
|---|---|---|---|
| 82500.00 | | | AWB:150.00 DC:750.00 MYC:18878.00 SC:5082.00 |

| Valuation Charge | |
|---|---|
| Tax | |

| Total Other Charges Due Agent | Shipper certifies that the particulars on the face hereof are correct and that insofar as any part of the consignment contains dangerous goods, such part is properly described by name and is in proper condition for carriage by air according to the applicable Dangerous Goods Regulations. |
|---|---|
| 150.00 | |

| Total Other Charges Due Carrier | |
|---|---|
| 24708.00 | PL SHIPPING & LOGISTICS LTD., CHENNAI-01 |

| Total Prepaid | Total Collect |
|---|---|
| 106269.00 | |

| | Executed on 27.10.2006 | Signature of Issuing Carrier or its Agent |
|---|---|---|

176- 3654 2052

ORIGINAL 3 (FOR SHIPPER)