## Answers to Complaints
1:07-cv-02818-SHS PL Shipping & Logistics Ltd. v. H.J.M. International Inc. et al
ECF

### U.S. District Court

### United States District Court for the Southern District of New York

### Notice of Electronic Filing

The following transaction was entered by Tillem, David on 8/13/2007 at 11:41 AM EDT and filed on 8/13/2007

**Case Name:**    PL Shipping & Logistics Ltd. v. H.J.M. International Inc. et al
**Case Number:**  1:07-cv-2818
**Filer:**        Bank of America
**Document Number:** 15

**Docket Text:**
ANSWER to Amended Complaint., CROSSCLAIM against all defendants. Document filed by Bank of America. Related document: [14] Amended Complaint, filed by PL Shipping & Logistics Ltd..(Tillem, David)

**1:07-cv-2818 Notice has been electronically mailed to:**

Patrick Michael DeCharles , II    p.michael2@worldnet.att.net

Eugene James McDonald    anne780668@aol.com

David Larry Tillem    Tillem@wemed.com

**1:07-cv-2818 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=8/13/2007] [FileNumber=3679488-0
] [2cbb1d4baa7de98c61b3250b63dd60d59749eb36557c21d36fd06a33e2c28630826
d6ae0bb90cc23c4fcdf93cbe9ce3c646ad508b0c3511e8cb159de8a71b7f3]]

CONSTANTINE A. DESPOTAKIS, ESQ. (CD 4944)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York 10604
Tel.: (914) 323-7000
Attorneys for Defendant, Bank of America, N.A.

**ORIGINAL**

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

PL SHIPPING & LOGISTICS LTD.

               Plaintiff,

        -against-

H.J.M. INTERNATIONAL INC. and BANK OF
AMERICA and AFFORDABLE LUXURY
RYAN KENNY and RYAN GLOVER and
RONALD PLATOVSKY and ABN AMRO
BANK

               Defendants.

------------------------------------------------------------------x

07 CV 2818 (SHS)

SECOND AMENDED ANSWER,
AFFIRMATIVE DEFENSES
AND CROSSCLAIMS

        Defendant, Bank of America, N.A. (sued herein under its common trade name of "Bank of America") hereinafter "BOA", by its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, in response to the plaintiff's second amended verified complaint (hereinafter "complaint") and as and for its crossclaims against co-defendants alleges and answers as follows:

IN ANSWER TO PLAINTIFF'S FIRST COUNT IN THE COMPLAINT

    1.     Denies the allegations contained in paragraph 1 of the complaint and further states that, upon information and belief, this action is governed by State law and the ICC Uniform Rules for Collections (International Chamber of Commerce Publication No. 522 Leaflet Version ICC No. 522 LF), hereinafter referred to as "URC 522".

1660571.1

2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the complaint.

3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint.

4.    Denies the allegations contained in paragraph 4 of the complaint, except solely admits that BOA maintains a banking branch at 8755 Roswell Road, Atlanta, Georgia. BOA further states that it is a U.S. Federally chartered national bank maintaining various branches and other offices for the transaction of business throughout the United States, including the aforementioned branch in Atlanta, Georgia.

5.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint.

6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint.

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint.

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint, except solely admits that it maintains various offices and branches for the transaction of banking business throughout the City and State of New York.

10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint and respectfully refers all questions of fact and law to this Court for determination.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint, and BOA further states that partial payment has in fact been made as evidenced by documents received from ABN Amro Bank, and BOA respectfully refers all questions of fact and law to this Court for determination.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint, and BOA further states that partial payment has in fact been made as evidenced by documents received from ABN Amro Bank, and BOA respectfully refers all questions of fact and law to this Court for determination.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the complaint and respectfully refers all questions of fact and law to this Court for determination.

14.     Denies the allegations contained in paragraph 14 of the complaint, except admits solely that certain documents were released by BOA's above described Atlanta, Georgia branch and BOA further states that partial payment has in fact been made as evidenced by documents received from ABN Amro Bank.

15.     Denies the allegation contained in paragraph 15 of the complaint to the extent said allegations are asserted against BOA and puts plaintiff to its proof, except admits solely that the documents released by BOA's above described Atlanta, Georgia branch were not endorsed by BOA. Furthermore, to the extent the allegations in paragraph 15 are asserted against co-defendant H.J.M., BOA denies knowledge or information sufficient to form a belief as to the truth of said allegations, except that BOA states that co-defendant H.J.M. could not have and should not have released any of the alleged goods contained in the alleged shipment without the necessary documents reflecting the endorsement of BOA where BOA was the designated consignee of record on the face of the documents.

16.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the complaint and BOA further states that partial payment has in fact been made as evidenced by documents received from ABN Amro Bank and BOA respectfully refers all questions of fact and law to this Court for determination.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the complaint and BOA further states that partial payment has in fact been made as evidenced by documents received from ABN Amro Bank and BOA respectfully refers all questions of fact and law to this Court for determination.

18.    Denies the allegation contained in paragraph 18 of the complaint and puts plaintiff to its proof and further respectfully refers all questions of fact and law to this Court for determination.  BOA further specifically denies that plaintiff has any standing to maintain this action.

19.    Denies the allegation contained in paragraph 19 of the complaint, puts plaintiff to its proof and further respectfully refers all questions of fact and law to this Court for determination.

### IN ANSWER TO PLAINTIFF'S SECOND COUNT IN THE COMPLAINT

20.    BOA answers paragraph 1 of the plaintiff's second count in the complaint in the same manner and with the same force and effect as its answers set forth in paragraphs 1 through 19, inclusive, hereinabove and which are specifically incorporated by reference as though fully set forth herein.

21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the second count of the complaint and respectfully refers all questions of fact and law to this Court for determination.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the second count of the complaint and respectfully refers all questions of fact and law to this Court for determination.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the second count of the complaint and respectfully refers all questions of fact and law to this Court for determination.

24. Denies the allegations contained in paragraph 5 of the second count of the complaint, and BOA put plaintiff to its proof and respectfully refers all questions of fact and law to this Court for determination.

25. Denies the allegation contained in paragraph 6 of the second count of the complaint to the extent said allegations are asserted against BOA and puts plaintiff to its proof, and BOA specifically denies that BOA received any of the alleged documents set forth in the second count of the complaint and said denial is based on the fact that BOA has been unable to determine that any such alleged documents were ever in fact received as of the date of this amended answer. Furthermore, to the extent the allegations in paragraph 6 are asserted against co-defendant H.J.M., BOA denies knowledge or information sufficient to form a belief as to the truth of said allegations, except that BOA states that co-defendant H.J.M. as a matter of law could not have and should not have released any of the alleged goods contained in the alleged shipment without the necessary documents reflecting the endorsement of BOA where BOA was the designated consignee of record on the face of the documents and otherwise verifying that payment for the subject goods had been made by co-defendant AFFORDABLE. BOA further respectfully refers all questions of fact and law to this Court for determination.

26.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the second count of the complaint and respectfully refers all questions of fact and law to this Court for determination.

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the second count of the complaint and respectfully refers all questions of fact and law to this Court for determination.

28.    Denies the allegation contained in paragraph 9 of the second count of the complaint and puts plaintiff to its proof and further respectfully refers all questions of fact and law to this Court for determination.  BOA further specifically denies that plaintiff has any standing to maintain this action.

29.    Denies the allegations contained in paragraph 10 of the second count of the complaint.

AS AND FOR A FIRST AFFIRMATIVE DEFENSE

30.    Upon information and belief, plaintiff fails to state a cause of action.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE

31.    Upon information and belief, plaintiff lacks standing to maintain this action.

AS AND FOR A THIRD AFFIRMATIVE DEFENSE

32.    Plaintiff lacks standing to assert this action.  This action is governed by URC 522 and pursuant to Article 16 (b) thereof, the sole party entitled to receive any payment alleged to be required in such a documentary collection is the remitting bank only, which in this case is ABN Amro Bank in India (hereinafter "ABN") which was the purported preparer and remitting bank of the subject collection documents (URC Article 3a.2).

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

33.    Upon information and belief, plaintiff has sustained no damages to the extent that the alleged merchandise was not in fact contained in the alleged shipments and/or said merchandise was defective or non-conforming.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

34.    Upon information and belief, plaintiff has sustained no damages as the result of any action on the part of BOA.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

35.    Upon information and belief, there is no proximate cause between any alleged damages sustained by plaintiff and any action of BOA.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

36.    As to any of the subject collection documents which were on their face consigned and tendered to BOA, as such were not endorsed by BOA, no party, including co-defendant H.J.M., was authorized as a matter of law to release any of the alleged goods to the purchaser since the collection documents were not negotiable without BOA's endorsement as consignee.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

37.    Upon information and belief this action is barred in whole or in part by plaintiff's and/or the alleged sellers' negligence.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

38.    Upon information and belief, it is presently unknown as to whether the alleged collection instructions provided by ABN to BOA were in compliance with the requirements of URC 522, including, without limitation, the requirements for specific handling and payment instructions as set forth in URC Articles 4 and 5 and otherwise, as to what purported obligations were being placed upon BOA regarding the subject collection documents.  BOA has repeatedly

requested ABN to provide copies of the subject documentary collection documents allegedly sent to BOA but ABN has not responded to date.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

39.    Upon information and belief, plaintiff's action is barred by the principle of estoppel.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

40.    Upon information and belief, plaintiff's action is barred by the principle of laches.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

41.    Upon information and belief, plaintiff's action may be barred by the applicable statute of limitations.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

42.    Upon information and belief, any actual loss sustained by plaintiff, if any, was not the result of any action on the part of BOA.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

43.    Pursuant to URC Article 10a., none of the subject alleged goods should have been consigned to BOA since BOA had not agreed to such consignment.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

44.    Upon information and belief, ABN and/or the seller of the alleged goods and/or plaintiff failed to promptly notify BOA of the alleged release of the subject collection documents so as to allow BOA the opportunity to take any possible recovery and/or mitigation action.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

45.    Upon information and belief, ABN and/or the seller of the alleged goods and/or plaintiff have failed to mitigate any alleged damages.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

46.    Upon information and belief, the alleged goods may or may not have been as stated and may or may not have been conforming or damaged and, to such extent no damages will have been sustained as the result of the release of the collection documents. BOA puts plaintiff to its proof and respectfully refers all questions of fact and law to this Court for determination.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

47.    Upon information and belief, plaintiff and/or ABN Amro have received partial payment regarding the documents alleged in plaintiff's first count of the complaint.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

48.    Upon information and belief, based upon BOA's investigation to the date of this amended answer, BOA did not receive any of the documents alleged by plaintiff in the second count of the complaint.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

49.    Upon information and belief, payment, either partial or full, has been made.

## AS AND FOR A FIRST CROSSCLAIM AGAINST
## DEFENDANT H.J.M. INTERNATIONAL, INC. ("H.J.M.")

50.    To the extent the subject collection documents did not contain BOA's endorsement as the consignee party of same, H.J.M. negligently, wrongfully and improperly released the alleged goods to the purchaser as against the foregoing legally facially defective and

1660571.1

insufficient documents pursuant to applicable State and other in light of the lack of any endorsement by BOA. Accordingly, H.J.M. is liable to BOA in a like amount as any judgment that may be entered herein in favor of plaintiff and H.J.M. as against BOA.

AS AND FOR A SECOND CROSSCLAIM AGAINST<br>DEFENDANT H.J.M. INTERNATIONAL, INC. ("H.J.M.")

51.   Upon information and belief, H.J.M. had a duty to verify that the subject alleged goods had been paid for and consequently since H.J.M. failed to so verify its release of the alleged goods to the purchaser was negligent and wrongful. Accordingly, H.J.M. is liable to BOA in a like amount as any judgment that may be entered herein in favor of plaintiff and H.J.M. as against BOA.

AS AND FOR A THIRD CROSSCLAIM AGAINST<br>DEFENDANT H.J.M. INTERNATIONAL, INC. ("H.J.M.")

52.   Upon information and belief, and if it may be determined that H.J.M. acted in collusion with AFFORDABLE and with knowledge that the alleged subject goods had not been paid for, then H.J.M.'s such conduct, if such be the case, would have constituted a fraudulent course of conduct. Accordingly, H.J.M. would be liable to BOA in a like amount as any judgment that may be entered herein in favor of plaintiff and H.J.M. as against BOA.

AS AND FOR A FOURTH CROSSCLAIM AGAINST<br>DEFENDANT H.J.M. INTERNATIONAL, INC. ("H.J.M.")

53.   The subject collection documents did not contain BOA's endorsement as the consignee party of same and, consequently, H.J.M. breached its duties under applicable laws and regulations and other applicable principles governing commercial bills of lading. Accordingly, H.J.M. is liable to BOA in a like amount as any judgment that may be entered herein in favor of plaintiff and H.J.M. as against BOA.

## AS AND FOR A FIFTH CROSSCLAIM AGAINST
### DEFENDANT H.J.M. INTERNATIONAL, INC. ("H.J.M.")

54.    To the extent it is determined in this matter that H.J.M. engaged in any negligent and/or culpable conduct in releasing the alleged subject goods to AFFORDABLE, then in such event H.J.M. would have engaged in conduct constituting *prima facie* tort. Accordingly, H.J.M. is liable to BOA in a like amount as any judgment that may be entered herein in favor of plaintiff and H.J.M. as against BOA.

## AS AND FOR A FIRST CROSSCLAIM AGAINST
## CO-DEFENDANTS AFFORDABLE LUXURY RYAN KENNY ("AFFORDABLE")
## AND RYAN GLOVER ("GLOVER") AND RONALD PLATOVSKY ("PLATOVSKY")
### JOINTLY AND SEVERALLY

55.    AFFORDABLE, GLOVER and PLATOVSKY, jointly and severally obtained possession of the subject documentary collection documents and the subject alleged goods without having paid for same in violation of the rights of the seller and all of the other parties in this action, including, without limitation, BOA. Accordingly AFFORDABLE, GLOVER and PLATOVSKY, jointly and severally became unjustly enriched by reason of the foregoing and are liable to BOA in a like amount as any judgment entered herein in favor of plaintiff and H.J.M. against BOA.

## AS AND FOR A SECOND CROSSCLAIM AGAINST
## CO-DEFENDANTS AFFORDABLE LUXURY RYAN KENNY ("AFFORDABLE")
## AND RYAN GLOVER ("GLOVER") AND RONALD PLATOVSKY ("PLATOVSKY")
### JOINTLY AND SEVERALLY

56.    AFFORDABLE GLOVER and PLATOVSKY, jointly and severally knowingly, falsely and deliberately and with intent to defraud obtained possession of the documentary collection documents and the subject alleged goods without having paid for same in violation of the rights of the seller and all of the other parties in this action, including, without limitation, BOA. In so acting, AFFORDABLE, GLOVER and PLATOVSKY, jointly and severally

engaged in conduct constituting fraud.    Accordingly AFFORDABLE, GLOVER and

PLATOVSKY, jointly and severally are liable to BOA in a like amount as any judgment entered

herein in favor of plaintiff and H.J.M. against BOA.

AS AND FOR A THIRD CROSSCLAIM AGAINST
CO-DEFENDANTS AFFORDABLE LUXURY RYAN KENNY ("AFFORDABLE")
AND RYAN GLOVER ("GLOVER") AND RONALD PLATOVSKY ("PLATOVSKY")
JOINTLY AND SEVERALLY

57.    AFFORDABLE, GLOVER and PLATOVSKY, jointly and severally  obtained

possession of the documentary collection documents and the subject alleged goods without

having paid for same in violation of the rights of the Seller and all of the other parties in this

action, including, without limitation, BOA.    Consequently, AFFORDABLE, GLOVER and

PLATOVSKY, jointly and severally are liable for money had and received.    Accordingly,

AFFORDABLE GLOVER AND PLATOVSKY, jointly and severally  is liable to BOA in a like

amount as any judgment entered herein in favor of plaintiff and H.J.M. against BOA.

AS AND FOR A FOURTH CROSSCLAIM AGAINST
CO-DEFENDANTS AFFORDABLE LUXURY RYAN KENNY ("AFFORDABLE")
AND RYAN GLOVER ("GLOVER") AND RONALD PLATOVSKY ("PLATOVSKY")
JOINTLY AND SEVERALLY

58.    AFFORDABLE, GLOVER and PLATOVSKY, jointly and severally  obtained

possession of the documentary collection documents and the  subject alleged goods without

having paid for same in violation of the rights of the Seller and all of the other parties in this

action, including, without limitation, BOA.    Accordingly AFFORDABLE, GLOVER and

PLATOVSKY, jointly and severally are obligated to make restitution and are liable to BOA in a

like amount as any judgment entered herein in favor of plaintiff and H.J.M. against BOA.

AS AND FOR A FIFTH CROSSCLAIM AGAINST
CO-DEFENDANTS AFFORDABLE LUXURY RYAN KENNY ("AFFORDABLE")
AND RYAN GLOVER ("GLOVER") AND RONALD PLATOVSKY ("PLATOVSKY")
JOINTLY AND SEVERALLY

59.    AFFORDABLE, GLOVER and PLATOVSKY, jointly and severally obtained possession of the documentary collection documents and the subject alleged goods without having paid for same in violation of the rights of the Seller and all of the other parties in this action, including, without limitation, BOA.    Accordingly AFFORDABLE, GLOVER and PLATOVSKY, jointly and severally engaged in *prima facie* tortuous conduct and are liable to BOA in a like amount as any judgment entered herein in favor of plaintiff and H.J.M. against BOA.

AS AND FOR A SIXTH CROSSCLAIM AGAINST
CO-DEFENDANTS AFFORDABLE LUXURY RYAN KENNY ("AFFORDABLE")
AND RYAN GLOVER ("GLOVER") AND RONALD PLATOVSKY ("PLATOVSKY")
JOINTLY AND SEVERALLY

60.    AFFORDABLE, GLOVER and PLATOVSKY, jointly and severally obtained possession of the documentary collection documents and the subject alleged goods without having paid for same in violation of the rights of the Seller and all of the other parties in this action, including, without limitation, BOA.    Accordingly AFFORDABLE, GLOVER and PLATOVSKY, jointly and severally are obligated to make contribution to any loss sustained by BOA and are liable to BOA in a like amount as any judgment entered herein in favor of plaintiff and H.J.M. against BOA.

AS AND FOR A SEVENTH CROSSCLAIM AGAINST
CO-DEFENDANTS AFFORDABLE LUXURY RYAN KENNY ("AFFORDABLE")
AND RYAN GLOVER ("GLOVER") AND RONALD PLATOVSKY ("PLATOVSKY")
JOINTLY AND SEVERALLY

61.    AFFORDABLE, GLOVER and PLATOVSKY, jointly and severally negligently obtained possession of the documentary collection documents and the alleged subject goods

without having paid for same in violation of the rights of the Seller and all of the other parties in this action, including, without limitation, BOA. Accordingly AFFORDABLE, GLOVER and PLATOVSKY, jointly and severally are liable to BOA in a like amount as any judgment entered herein in favor of plaintiff and H.J.M. against BOA.

### AS AND FOR AN EIGHTH CROSSCLAIM AGAINST CO-DEFENDANTS AFFORDABLE LUXURY RYAN KENNY ("AFFORDABLE") AND RYAN GLOVER ("GLOVER") AND RONALD PLATOVSKY ("PLATOVSKY") JOINTLY AND SEVERALLY

62.    AFFORDABLE, GLOVER and PLATOVSKY, jointly and severally breached its express and/or its implied contract with BOA by obtaining possession of the documentary collection documents and the alleged subject goods without having paid for same in violation of the rights of the Seller and all of the other parties in this action, including, without limitation, BOA. Accordingly AFFORDABLE, GLOVER and PLATOVSKY, jointly and severally are liable to BOA in a like amount as any judgment entered herein in favor of plaintiff and H.J.M. against BOA.

### AS AND FOR A FIRST CROSSCLAIM AGAINST CO-DEFENDANT ABN AMRO BANK

63.    To the extent it is determined that ABN Amro Bank ("ABN") was negligent in its preparation, tender, delivery and/or proper follow-up of the subject documentary collection documents and instructions, then ABN is liable to BOA in a like amount as any judgment entered herein in favor of plaintiff and H.J.M. against BOA.

### AS AND FOR A SECOND CROSSCLAIM AGAINST CO-DEFENDANT ABN AMRO BANK

64.    To the extent it is determined that ABN Amro Bank ("ABN") was negligent in its preparation, tender, delivery and/or proper follow-up of the subject documentary collection

documents and instructions, then ABN is liable in contribution to BOA in a like amount as any

judgment entered herein in favor of plaintiff and H.J.M. against BOA.

## AS AND FOR A THIRD CROSSCLAIM AGAINST
## CO-DEFENDANT ABN AMRO BANK

65.    To the extent it is determined that ABN Amro Bank ("ABN") was negligent in its

preparation, tender, delivery and/or proper follow-up of the subject documentary collection

documents and instructions, then ABN is liable for its *prima facie* tortious conduct to BOA in a

like amount as any judgment entered herein in favor of plaintiff and H.J.M. against BOA.

**WHEREFORE,** BOA respectfully requests an Order of the Court dismissing the

plaintiff's complaint or, alternatively, in the event plaintiff prevails in this action as against

BOA, then an Order of the Court (i) granting BOA judgment over against defendant H.J.M.

pursuant to BOA's FIRST through FIFTH CROSSCLAIMS in a like amount as any judgment

entered in favor of plaintiff against BOA, and (ii) granting BOA judgment over against co-

defendants AFFORDABLE, GLOVER and PLATOVSKY, jointly and severally in a like amount

as any judgment entered in favor of plaintiff and H.J.M. against BOA pursuant to BOA's FIRST

through EIGHTH CROSSCLAIMS herein, and (iii) granting BOA judgment over against co-

defendant ABN AMRO BANK in a like amount as any judgment entered in favor of plaintiff and

H.J.M. against BOA pursuant to BOA's FIRST through THIRD CROSSCLAIMS herein

together with such other and further relief as to this Court may seem just and proper

Dated:  White Plains, New York
        August 13, 2007

Yours etc,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By _____
Constantine A. Despotakis, Esq. (CD 4944)
Attorneys for Defendant
BANK OF AMERICA, N.A.
3 Gannett Drive
White Plains, New York 10604
Tel. (914) 323-7000
Our File No. 02503.00305

To:     EUGENE J. MCDONALD, ESQ.
        Attorneys for Plaintiff,
        PL Shipping & Logistics Ltd.
        170 Broad Street
        Matawan, NJ 07747

        Patrick Michael DeCharles II, Esq.
        CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR
        Attorneys for Defendant
        H.J.M. International Inc.
        61 Broadway, Room 3000
        New York, NY 10006-2809

        Affordable Luxury Ryan Kelly
        Defendant *Pro Se*
        1407 Broadway
        New York, NY 10018

        ABN Amro Bank
        Defendant *Pro Se*
        Centralized Trd Fin
        177 Anna Salai, 3rd Fl.
        Unit 307-309 Raheja Tower
        Chennai, India

        Ryan Glover
        Defendant *Pro Se*
        1407 Broadway
        New York, NY 10018

        Ronald Platovsky
        Defendant *Pro Se*
        1407 Broadway
        New York, NY 10018

1660571.1

AFFIDAVIT OF SERVICE

STATE OF NEW YORK               )
                                       ) ss.:
COUNTY OF WESTCHESTER    )

I, Geri Manno, being sworn, say:

I am not a party to the action, am over the age of 18 years of age and reside in Westchester County, New York. On August 13, 2007, I served the within **SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES AND CROSSCLAIMS** by depositing a true copy thereof enclosed in a postpaid wrapper, via First Class Mail and/or International Air Mail as the case may be, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

EUGENE J. MCDONALD, ESQ.
Attorneys for Plaintiff,
PL Shipping & Logistics Ltd.
170 Broad Street
Matawan, NJ 07747

Patrick Michael DeCharles II, Esq.
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR
Attorneys for Defendant
H.J.M. International Inc.
61 Broadway, Room 3000
New York, NY 10006-2809

Affordable Luxury Ryan Kelly
Defendant *Pro Se*
1407 Broadway
New York, NY 10018

ABN Amro Bank
Defendant *Pro Se*
Centralized Trd Fin
177 Anna Salai, 3rd Fl.
Unit 307-309 Raheja Tower
Chennai, India

Ryan Glover
Defendant *Pro Se*
1407 Broadway
New York, NY 10018

Ronald Platovsky
Defendant *Pro Se*
1407 Broadway
New York, NY 10018

Geri Marino

Sworn to before me this
13th day of August, 2007

Notary Public

CONSTANTINE A. DESPOTAKIS
Notary Public, State of New York
No. 4615111
Qualified in Westchester County
Commission Expires __12/31/09__

1660571.1

**Other Answers**

1:07-cv-02818-SHS PL Shipping & Logistics Ltd. v. H.J.M. International Inc. et al
ECF


**U.S. District Court**

**United States District Court for the Southern District of New York**

**Notice of Electronic Filing**

The following transaction was entered by Tillem, David on 6/18/2007 at 10:48 AM EDT and filed on
6/18/2007

**Case Name:**          PL Shipping & Logistics Ltd. v. H.J.M. International Inc. et al
**Case Number:**      1:07-cv-2818
**Filer:**                   Bank of America
**Document Number:** 7

**Docket Text:**
AMENDED ANSWER to [6] Amended Complaint., CROSSCLAIM against H.J.M. International Inc..
Document filed by Bank of America. (Tillem, David)


**1:07-cv-2818 Notice has been electronically mailed to:**

Eugene James McDonald     anne780668@aol.com

David Larry Tillem     Tillem@wemed.com

**1:07-cv-2818 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=6/18/2007] [FileNumber=3481459-0
] [832cda6faa2e8c6e38912f696972a4c8568628fcba5e6335c962885d73ea9b999b8
5fa64a6b1d0a79f6db69c067c9bbe823a8543d8a76024111a38dc9496d6d3]]

CONSTANTINE A. DESPOTAKIS, ESQ. (CD 4944)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York 10604
Tel.: (914) 323-7000
Attorneys for Defendant, Bank of America, N.A.

**ORIGINAL**

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

PL SHIPPING & LOGISTICS LTD.

                       Plaintiff,

        -against-

H.J.M. INTERNATIONAL INC. and BANK OF
AMERICA and AFFORDABLE LUXURY
RYAN KENNY

                    Defendants.

----------------------------------------------------------------x

07 CV 2818 (SHS)

AMENDED ANSWER, AFFIRMATIVE
DEFENSES AND  CROSSCLAIMS

        Defendant, Bank of America, N.A. (sued herein under its common trade name of

"Bank of America") hereinafter "BOA", by its attorneys, Wilson, Elser, Moskowitz, Edelman &

Dicker LLP, in response to the plaintiff's amended verified complaint (hereinafter "complaint")

and as and for its crossclaims against co-defendants alleges and answers as follows:

IN ANSWER TO PLAINTIFF'S FIRST COUNT IN THE COMPLAINT

        1.     Denies the allegations contained in paragraph 1 of the complaint and further states

that, upon information and belief, this action is governed by State law and the ICC Uniform

Rules for Collections (International Chamber of Commerce Publication No. 522 Leaflet

Version ICC No. 522 LF), hereinafter referred to as "URC 522".

1589825.1