Constantine A. Despotakis (CD 4944)
Charles D. Kemp (CK 2956)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendant
Bank of America, N.A.
3 Gannett Drive
White Plains, NY 10604
Tel. (914) 323-7000

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
PL SHIPPING & LOGISTICS LTD.,
                                               Plaintiff/Claimant,

   -against-

H.J.M. INTERNATIONAL INC. and BANK OF
AMERICA and AFFORDABLE LUXURY
RYAN KENNY and RYAN GLOVER and
RONALD PLATOVSKY and ABN AMRO
BANK,

                                               Defendants.
------------------------------------------------------------------- x

07 CV 2818 (SHS)

MEMORANDUM OF LAW IN SUPPORT OF
DISMISSAL OF COMPLAINT

1616608.1

**Cases**

Banco Nacional Ultramarino, S.A. v. Chan, 641 N.Y.S.2d 1006, 1012;
  169 Misc. 2d 182, 191-192 (N.Y. Misc. 1996) ........................................................... 6

Banco Surinvest, S.A. v. Suntrust Bank, 78 F. Supp. 2d 1366, 1369 (D. Ga. 1999) ..................... 3

Baratta v. Kozlowski, 94 A.D.2d 454, 464 N.Y.S.2d 803 (2nd Dept. 1983) ............................. 6

Bowers v. Anderson, 49 Ga. 143, 146 (Ga. 1873) .................................................... 5

Bradkin v. Lever ton, 26 N.Y.2d 192, 309 N.Y.S.2d 192 (1970) ...................................... 6

Garrison v. Bloomberg, 1998 U.S. Dist. LEXIS 699 (S.D.N.Y. 1998) .................................. 6

Graham v. James, 144 F.3d 229, 233 (2d Cir. 1998) ................................................. 6

Henchman's Leasing Corp. v. Condren, 1989 U.S. Dist. LEXIS 1068 (S.D.N.Y. 1989) ................... 4

Parrish v. Adams, 22 Ga. App. 170 (3) (95 S. E. 749) .............................................. 6

Robins v. Max Mara, U.S.A., 923 F. Supp. 460 (S.D.N.Y. 1996) ...................................... 3

Shaftel v. Dadras, 39 F. Supp. 2d 217, 231 (E.D.N.Y. 1999) ........................................ 4

Spivey v. Spivey, 202 Ga. 644, 649; 44 S.E.2d 224, 227 (Ga. 1947) ................................. 7

Tobet v. New York City Transit Authority, 134 Misc. 2d 919, 512 N.Y.S.2d 770
  (Civ. Ct., N.Y. 1987) .......................................................................... 6

Trust Co. of Ga. v. S & W Cafeteria, 97 Ga. App. 268, 283 (103 SE2d 63) ........................... 6

Trustees of Freeholders & Commonalty of Huntington v.
  Environmental Protection Agency, 55 F.R.D. 445 (E.D.N.Y. 1972) ................................. 3

United States Casualty Co. v. Peachtree Roxboro Corp., 103 Ga. App. 532, 533
  (Ga. Ct. App. 1961) ............................................................................ 6

Woodard v. First Nat'l Bank, 159 Ga. App. 769, 771-772 (Ga. Ct. App. 1981) ........................ 6

Zucker v. Katz, 836 F. Supp. 137, 148 (S.D.N.Y. 1993) ............................................. 4

i

## Other Authorities

22A N.Y. Jur.2d, Contracts, § 506 ........................................................................................... 6

22A N.Y. Jur.2d, Contracts, §§ 510-11 .................................................................................... 6

URC 16b .................................................................................................................................. 4

URC 522 Article 2(a) .............................................................................................................. 2

URC Articles 1 ........................................................................................................................ 3

URC Article 1a ....................................................................................................................... 2

URC Articles 2 ........................................................................................................................ 3

URC Articles 3 .................................................................................................................... 2,3

URC Articles 4 ........................................................................................................................ 3

URC Articles 5 .................................................................................................................... 3,4

URC Articles 6 ........................................................................................................................ 4

URC Articles 10 ...................................................................................................................... 3

URC Articles 11 ...................................................................................................................... 3

## Rules

Uniform Rules for Collections, 1995 Revision, ICC Publication No. 522 ..................................... 2

ICC Uniform Rules for Collection--A Commentary at 13 (1995) ................................................. 3

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| Preliminary Statement | | 2 |
| Argument | | |
| Point I | Documentary Collections are Governed by the Uniform Rules for Collections | 2 |
| Point II | Plaintiff Lacks Standing to Sue | 3 |
| Point III | The Subject ABN Collection was Against Acceptance Only and No Damage has Resulted | 4 |
| Point IV | Plaintiff Has No Standing Nor Any Prima Facie Case As to the Second Cause of Action | 6 |
| CONCLUSION | | 7 |

FACTS AND PRELIMINARY STATEMENT

Plaintiff, PL Shipping & Logistics, Ltd. ("Plaintiff") seeks to recover from defendant, Bank of America, N.A., sued herein under its common trade name of Bank of America (hereinafter BOA") by reason of certain commercial documentary collection documents. The facts are fully set forth in BOA's supporting motion papers and are incorporated by reference as though fully recited herein.

POINT I

DOCUMENTARY COLLECTIONS ARE GOVERNED BY
THE UNIFORM RULES FOR COLLECTIONS

This is a documentary collection case. A documentary collection involves the preparation and presentation of various commercial documents with instructions by a remitting bank to a collecting bank pursuant to the Uniform Rules for Collections, 1995 Revision, ICC Publication No. 522 (hereinafter "URC"). A copy of the URC is attached as BOA Exhibit A to its motion papers. The remitting bank presents those documents on behalf of its customer, the seller of merchandise, pursuant to the underlying transaction between the seller and purchaser. URC Article 1a. states that the URC *"shall apply to all collections...where such rules are incorporated into the text of the "collection instruction" referred to in Article 4 and are binding on all parties thereto unless otherwise expressly agreed or contrary to the provisions of a national, state or local law and/or regulation which cannot be departed from."*. URC 522 Article 2(a) defines a collection as *"the handling by banks of documents ... in accordance with instructions received, in order to: ... obtain payment and/or acceptance, or ... deliver documents against payment and/or against acceptance, or ... deliver documents on other terms and conditions."* URC Article 3 defines the parties to a collection. BOA is the collecting bank, which is *"any bank, other than the remitting bank, involved in processing the collection."* The

2

remitting bank in this case is ABN Amro Bank (hereinafter "ABN") which is *the "bank to which the principal has entrusted the handling of a collection."*

## POINT II

### PLAINTIFF LACKS STANDING TO SUE

Plaintiff in this case is not the remitting bank and by way of added note is not even the owner/seller of the subject underlying goods. In order to maintain this action, the Plaintiff must have standing. *"A party bringing an action in federal court must have 'standing to sue.'... This status is personal and does not exist where one seeks to assert the rights of another."* Trustees of Freeholders & Commonalty of Huntington v. Environmental Protection Agency, 55 F.R.D. 445 (E.D.N.Y. 1972);. Robins v. Max Mara, U.S.A., 923 F. Supp. 460 (S.D.N.Y. 1996).

The URC specifically establishes the sole legal/contractual relationship as one only between the remitting bank (ABN herein) and the collecting bank (BOA herein). See, for example, URC Articles 1, 2, 3, 4, 5, 10 and 11. Indeed a plain reading of all the provisions of the URC makes it clear that when a documentary collection is received from a remitting bank, the only legal relationship established is solely between that remitting bank and the collecting bank. Such is also the governing industry practice for such situations on documentary collections. As The URC underscores in Article 4a collecting banks to act only upon the instructions given by the remitting bank, and the comments to that section warn banks to 'not look elsewhere for instructions.'" Banco Surinvest, S.A. v. Suntrust Bank, 78 F. Supp. 2d 1366, 1369 (D. Ga. 1999). *Citing* ICC Uniform Rules for Collection--A Commentary at 13 (1995)

The subject documentary collection involved in Plaintiff's First Cause of Action is only one as against "acceptance" and not payment. However, to again underscore the exclusivity of

3

1616608.1

the presentment transaction as between the remitting bank and the collecting bank, even in the case where a documentary collection is against actual payment such payment is even restricted to be <u>only</u> to the remitting bank by the collecting bank. See URC 16b. This requirement is perfectly logical and consistent with the URC, and especially URC Articles 5 and 6, which speak in terms of an interbank processing and presentation of a documentary collection and which also require the remitting bank to set forth its instructions. Plaintiff is not the remitting bank. Therefore, the Plaintiff lacks standing to bring or maintain this action.

POINT III

THE SUBJECT ABN COLLECTION WAS AGAINST ACCEPTANCE
ONLY AND NO DAMAGE HAS RESULTED

ABN's documentary collection instructions to BOA was to release the documents to the purchaser, Affordable Luxury Ryan Kenny (hereinafter "Affordable") upon acceptance of the 45-day sight draft by Affordable to be paid directly by Affordable to the seller in India, Ahill Knit Wearss (so in original) (hereinafter "Ahill") through its account at ABN. As the documentary evidence establishes, it is undisputed that a substantial partial payment was indeed thereafter made to Ahill by Affordable. There may have been even more payments but this would not be within BOA's knowledge. It is clearly established law that "[O]ne party's partial performance of the ... contract and the other party's acceptance of that performance shows that both parties understood a contract 'to be in effect.'" <u>Zucker v. Katz</u>, 836 F. Supp. 137, 148 (S.D.N.Y. 1993). *See also* <u>Henchman's Leasing Corp. v. Condren</u>, 1989 U.S. Dist. LEXIS 1068 (S.D.N.Y. 1989). A partial payment constitutes acknowledgement of the obligation and performance. <u>Shaftel v. Dadras</u>, 39 F. Supp. 2d 217, 231 (E.D.N.Y. 1999). *See also* <u>Graham v. James</u>, 144 F.3d 229, 233 (2d Cir. 1998). Under Georgia law, a contract may be executed by

4

1616608.1

"partial performance, as manifested by part payment, or part acceptance." Bowers v. Anderson, 49 Ga. 143, 146 (Ga. 1873).

*Liability on the Draft by Affordable to Ahill in any Event---*

In the within matter, Affordable took possession of the draft and documents and then procured the merchandise from the port or through HJM. That mere fact alone created the same effect as any *pro forma* written "acceptance" of the sight draft. Clearly Affordable became obligated to pay Ahill through ABN for the goods, presumably subject to any defenses Affordable may have as to quality, conformity, loss or damage, etc… Affordable's act of taking possession of the draft (which was a 45-day time instrument), the documents and the goods automatically evidenced its "acceptance" of its obligations under the draft in respect of its underlying transaction with Ahill. Certainly Affordable's obligation on the draft alone is enforceable based on these facts --- and for that reason alone, there is no damage to Ahill by reason of BOA's release of the documents to Affordable and no proximate cause between that release and the fact that Affordable may have simply defaulted in making any further payments. After all, the draft was a time payment mechanism for direct payment by Affordable to Ahill --- a fact having nothing to do with BOA.

*Liability of Affordable to Ahill Even Outside of the Draft ---*

In addition to the foregoing, and again as relevant to the lack of damages and lack of proximate cause, Ahill's rights are most certainly intact as against Affordable as a matter of law even outside of the draft. Ahill has any number of enforceable causes of action against Affordable, beginning with the most obvious ones of breach of contract and conversion. In addition, it has other causes of action. One such cause is for "unjust enrichment" (see, 22A N.Y. Jur.2d, Contracts, § 506 (Restitution); Banco Nacional Ultramarino, S.A. v. Chan, 641

N.Y.S.2d 1006, 1012; 169 Misc. 2d 182, 191-192 (N.Y. Misc. 1996); "The scales of justice seek a balance where one unjustly gains a pecuniary advantage over another to which the gainer is not entitled and refuses to make restitution to the loser and will make restitution by granting an action for unjust enrichment." Woodard v. First Nat'l Bank, 159 Ga. App. 769, 771-772 (Ga. Ct. App. 1981) *citing* Trust Co. of Ga. v. S & W Cafeteria, 97 Ga. App. 268, 283 (103 SE2d 63). Moreover, restitution to prevent unjust enrichment can even be based upon contracts implied in fact as well as in law. See 22A N.Y. Jur.2d, Contracts, §§ 510-11. The common thread is always to prevent one party in a relationship or transaction from being unjustly enriched at the expense of another. Bradkin v. Lever ton, 26 N.Y.2d 192, 309 N.Y.S.2d 192 (1970); Tobet v. New York City Transit Authority, 134 Misc. 2d 919, 512 N.Y.S.2d 770 (Civ. Ct., N.Y. 1987); Baratta v. Kozlowski, 94 A.D.2d 454, 464 N.Y.S.2d 803 (2nd Dept. 1983). "A party compelled by operation of law to pay a debt which in equity and good faith another party should have kept him from paying may recover from the other party the amount paid in an action at law." United States Casualty Co. v. Peachtree Roxboro Corp., 103 Ga. App. 532, 533 (Ga. Ct. App. 1961) *citing* Parrish v. Adams, 22 Ga. App. 170 (3) (95 S. E. 749).

## POINT IV

### PLANTIFF HAS NO STANDING NOR ANY PRIMA FACIE CASE AS TO THE SECOND CAUSE OF ACTION

In addition to Plaintiff's lack of standing, there is also a second, independent basis to dismiss the Second Cause of Action.

Plaintiff has not stated a *prima facie* case in light of its failure to set forth specific factual allegations to meet its minimal burden of pleading facts to support each element of its asserted claim. See, Garrison v. Bloomberg, 1998 U.S. Dist. LEXIS 699 (S.D.N.Y. 1998). "Literally, the words, 'prima facie,' mean 'at first view.' A 'prima facie case' may be defined

as one in which the evidence in favor of a proposition is sufficient to support a finding in its favor, if the opponent produced no evidence, or if all the evidence to the contrary be disregarded." Spivey v. Spivey, 202 Ga. 644, 649; 44 S.E.2d 224, 227 (Ga. 1947).

As to the Second Cause of Action, there is no evidence that any documentary collection package was even created by any remitting bank. There is no evidence of the terms and conditions of any such purported documentary collection package that might have been sent by any remitting bank to BOA. There is no evidence that any such documentary collection package was ever even sent to BOA and where or to whom. There is no evidence that any such documentary collection package was ever actually received by BOA or where or by whom. Plaintiff makes out no legally cognizable or *prima facie* case whatsoever as to that alleged transaction.

## CONCLUSION

Plaintiff is not the remitting bank and therefore lacks standing to bring or maintain this action. Furthermore, there has been no damage caused by BOA and no proximate cause between the failure of Affordable to pay Ahill under the terms of the 45-day time draft and BOA's release of the draft and documents to Affordable. Finally, as to Plaintiff's asserted Second Cause of Action, the fact that no *prima facie* case is made out by Plaintiff provides a separate ground for dismissal. Since Plaintiff's action must fall, so too must the contingent crossclaims asserted by co-defendant HJM as against BOA likewise fall.

Dated: White Plains, New York
       August 16, 2007

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP

By: _____
Constantine A. Despotakis (CD 4944)
Charles D. Kemp (CK 2956)
Attorneys for Defendant
Bank of America, N.A.
3 Gannett Drive
White Plains, New York 10604
Tel. (914) 323-7000
File No.: 02503.00305

1616608.1

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF WESTCHESTER      )

Geri Manno, being duly sworn, deposes and says:

I am not a party to the action, am over the age of 18 years of age and reside in Westchester County, New York.

On August 16, 2007, I served the within **Memorandum of Law** by depositing a true copy thereof enclosed in a postpaid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to the following persons at the last known addresses set forth after each name:

EUGENE J. MCDONALD, ESQ.
Attorneys for Plaintiff,
PL Shipping & Logistics Ltd.
170 Broad Street
Matawan, NJ 07747

Patrick Michael DeCharles II, Esq.
CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR
Attorneys for Defendant
H.J.M. International Inc.
61 Broadway, Room 3000
New York, NY 10006-2809

Affordable Luxury Ryan Kelly
Defendant *Pro Se*
1407 Broadway
New York, NY 10018

ABN Amro Bank
Defendant *Pro Se*
Centralized Trd Fin
177 Anna Salai, 3rd Fl.
Unit 307-309 Raheja Tower
Chennai, India

1666200.1

Ryan Glover
Defendant *Pro Se*
1407 Broadway
New York, NY 10018

Ronald Platovsky
Defendant *Pro Se*
1407 Broadway
New York, NY 10018

_____
Geri Manno

Sworn to before me this
16th day of August, 2007

_____
Notary Public

LAURA HANNA
Notary Public, State of New York
No. 01HA6035322
Qualified in Westchester County
Commission Expires December 27, 2009

1666200.1