**WHEREFORE,** Defendant H.J.M. respectfully requests an Order dismissing each and every Crossclaim of Bank of America together with cost, reasonable attorney's fees, and further relief the Court may seem just and proper.

Dated: New York, New York
      June 29, 2007

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Defendant H.J.M. International, Inc.


By: / s / Patrick Michael DeCharles, II
      Patrick Michael DeCharles, II (PMD/9984)
61 Broadway, Suite 3000
New York, New York, 10006
(212) 344-7042


To:    Eugene J. McDonald, Esq.
      Attorney for PL Shipping & Logistics Ltd.
      170 Broad Street
      Matawan, NJ 07747
      (732) 483-8485

      Constantine A. Despotakis, Esq.
      Wilson, Elser, Moskowitz, Edelman & Dicker LLP
      3 Gannett Drive
      White Plains, New York 10604
      Attorneys for Defendant Bank of America, N.A.

<u>CERTIFICATE OF SERVICE BY ECF AND BY REGULAR U.S. MAIL</u>

The undersigned declares under penalty of perjury that the following is true and correct:

1.      I am over the age of eighteen years and I am not a party to this action.

2.      On June 29, 2007, I served a complete copy of **Defendant H.J.M.'S Answer to**

**Defendant Bank of America's CrossClaim** by ECF to the following attorney at his ECF

registered address and by regular U.S. mail at the following address:

TO:     Eugene J. McDonald, Esq.
        Attorney for PL Shipping & Logistics Ltd.
        170 Broad Street
        Matawan, New Jersey 07747
        (732) 483-8485

        Constantine A. Despotakis, Es
        Wilson, Elser, Moskowitz, Edelman & Dicker LLP
        3 Garnett Drive
        White Plains, New York 10604
        Attorneys for Defendant Bank of America, N.A.


                                        /s / Patrick Michael DeCharles, II_____
                                        Patrick Michael DeCharles, II (PMD/9984

DATED:       June 29, 2007
             New York, New York

8961/PMD

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
Attorneys for Defendant H.J.M. International, Inc.
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PL SHIPPING & LOGISTICS LTD.<br><br>                              Plaintiff,<br><br>           v.<br><br>H.J.M. INTERNATIONAL, INC. and BANK<br>OF AMERICA and AFFORDABLE LUXURY<br>RYAN KENNY<br><br>                              Defendants. | **ECF CASE**<br><br>**Docket No.: 07 CV 2818 (Judge Stein)**<br><br>**H.J.M. INTERNATIONAL, INC'S<br>ANSWER TO PLAINTIFF'S AMENDED<br>VERIFIED COMPLAINT WITH<br><u>CROSSCLAIMS</u>** |

Defendant H.J.M. International, Inc. (hereinafter referred to as "H.J.M") through its

attorneys Cichanowicz, Callan, Keane, Vengrow & Textor, LLP answers the Amended Verified

Complaint with docket number 07 Cv 2818 (Judge Stein) as follows:

## <u>FIRST COUNT</u>

1.       Denies knowledge and information sufficient to form a belief as to the allegations

contained in Paragraph "" of Plaintiff's Amended Verified Complaint.

2.       Denies knowledge and information sufficient to form a belief as to the allegations

contained in Paragraph "2" of Plaintiff's Amended Verified Complaint.

3.       Admits Defendant H.J.M. International, Inc., hereinafter referred to as H.J.M., at

and during all the times hereinafter mentioned has an office and place of business located in

Jamaica, and except were specifically admitted, denies each and every allegation contained in Paragraph "3" of Plaintiff's Amended Verified Complaint.

4.      Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "4" of Plaintiff's Amended Verified Complaint.

5.      Admits Defendant HJM during all the times hereinafter mentioned, has office and place of business in Jamaica, New York, and except were specifically admitted, denies each and every allegation contained in Paragraph "5" of Plaintiff's Amended Verified Complaint.

6.      Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "6" of Plaintiff's Amended Verified Complaint.

7.      Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "7" of Plaintiff's Amended Verified Complaint.

8.      Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "8" of Plaintiff's Amended Verified Complaint.

9.      Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "9" of Plaintiff's Amended Verified Complaint.

10.     Denies each and every allegation contained in Paragraph "10" of Plaintiff's Amended Verified Complaint.

11.     Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "11" of Plaintiff's Amended Verified Complaint.

12.     Denies each and every allegation contained in Paragraph "12" of Plaintiff's Amended Verified Complaint.  Further, H.J.M. is not required to respond to allegations or assertions directed to other parties, to the extent that any of those allegations or assertions can be construed to direct liability on H.J.M., said allegations or assertions are specifically denied.

13.    Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "13" of Plaintiff's Amended Verified Complaint.

14.    Denies each and every allegation contained in Paragraph "14" of Plaintiff's Amended Verified Complaint.

## SECOND COUNT

15.    Repeats and realleges each and every admission, denial and denial of knowledge of information contained in Paragraphs "1"through "14" inclusive of this Answer to Plaintiff's Amended Verified Complaint with the same force and effect as if herein set forth at length.

16.    Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "16" of Plaintiff's Amended Verified Complaint.

17.    Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "17" of Plaintiff's Amended Verified Complaint.

18.    Denies each and every allegation contained in Paragraph "18" of Plaintiff's Amended Verified Complaint.

19.    Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "19" of Plaintiff's Amended Verified Complaint.

20.    Denies each and every allegation contained in Paragraph "12" of Plaintiff's Amended Verified Complaint.  Further, H.J.M. is not required to respond to allegations or assertions directed to other parties, to the extent that any of those allegations or assertions can be construed to direct liability on H.J.M., said allegations or assertions are specifically denied.

21.    Denies knowledge and information sufficient to form a belief as to the allegations contained in Paragraph "21" of Plaintiff's Amended Verified Complaint.

22.    Denies each and every allegation contained in Paragraph "22" of Plaintiff's Amended Verified Complaint.

## AFFIRMATIVE DEFENSES
### AS FOR A FIRST AFFIRMATIVE DEFENSE

23.    Plaintiff failed to mitigate its damages alleged in its Amended Verified Complaint.

### AS FOR A SECOND AFFIRMATIVE DEFENSE

24.    H.J.M. acted on the instructions from PL Shipping & Logistics, Ltd. with the release of the subject container with regard to the first count.

25.    PL Shipping is estopped by its own negligent acts which barred its claim against H.J.M.

### AS FOR A THIRD AFFIRMATIVE DEFENSE

26.    Upon information and belief, plaintiff fails to state a cause of action against H.J.M. on both counts.

### AS FOR A FOURTH AFFIRMATIVE DEFENSE

27.    Upon information and belief, plaintiff has sustained no damages as a result of any action or omission on the part of H.J.M.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

28.    Upon information and belief, this action is barred in whole or in part by plaintiff's and/or alleged seller's negligence.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

29.    Upon information and belief, the alleged goods may or may not have been as stated and may or may not have been conforming or damaged and, to such extent no damages will have been sustained as the result of the release of the documents. H.J.M. puts plaintiff to the proof as to the condition, quality and quantity of the subject shipment.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

30.    Upon information and belief, plaintiff has received partial payment on the first count.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

31.    Upon information and belief, the first cause of action involves a straight ocean bill of lading in which a surrender or negotiation of the bill of lading is not required for the release of the container/shipment to the consignee.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

32    Upon information and belief, the second cause of action involves a straight airway bill in which a surrender or negotiation of the airway bill is not required for the release of the container/shipment to the consignee.

## CROSSCLAIM

## AS AND FOR ITS CROSSCLAIM AGAINST DEFENDANTS BANK OF AMERICA AND AFFORDABLE LUXURY RYAN KENNY DEFENDANT H.J.M. ALLEGES AS FOLLOWS:

32.    Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs "1" to "25" inclusive of this Answer to Plaintiff's Amended Verified Complaint with the same force and effect as if herein set forth at length.

33.    If there was any loss with regard to the shipments referred to in the Amended Verified Complaint, which is denied, then the said liability was brought about by Defendants Bank of America and/or Affordable Luxury Ryan Kenny's negligence and/or breach of contract and/or breach of warranties, implied or expressed, and by reason thereof Defendant H.J.M. is entitled to full indemnity and/or contribution from Defendants Bank of America and Affordable Luxury Ryan Kenny for any loss including reasonable counsel fees and expenses.

**WHEREFORE,** Defendant H.J.M. prays that the Amended Verified Complaint against it be dismissed and its Crossclaim be granted, and that the Court may grant such other or further relief as may be just and proper.

Dated: New York, New York
      June 25, 2007

                CICHANOWICZ, CALLAN, KEANE,
                VENGROW & TEXTOR, LLP
                Attorneys for Defendant H.J.M. International, Inc.

                By: / s / Patrick Michael DeCharles, II
                    Patrick Michael DeCharles, II (PMD/9984)
                61 Broadway, Suite 3000
                New York, New York, 10006
                (212) 344-7042

To:    Eugene J. McDonald, Esq.
        Attorney for PL Shipping & Logistics Ltd.
        170 Broad Street
        Matawan, NJ 07747
        (732) 483-8485

        Constantine A. Despotakis, Esq.
        Wilson, Elser, Moskowitz, Edelman & Dicker LLPP
        3 Garnett Drive
        White Plains, New York 10604
        Attorneys for Defendant Bank of America, N.A.

<u>CERTIFICATE OF SERVICE BY ECF AND BY REGULAR U.S. MAIL</u>

The undersigned declares under penalty of perjury that the following is true and correct:

1.    I am over the age of eighteen years and I am not a party to this action.

2.    On June 25, 2007, I served a complete copy of **Defendant H.J.M. International, Inc.'s Answer to Plaintiff PL Shipping & Logistics Ltd.'s Amended Verified Complaint with Crossclaims** by ECF to the following attorneys at their ECF registered address and by regular U.S. mail at the following addresses:

> Eugene J. McDonald, Esq.
> Attorney for PL Shipping & Logistics Ltd.
> 170 Broad Street
> Matawan, NJ 07747
> (732) 483-8485

> Constantine A. Despotakis, Esq.
> Wilson, Elser, Moskowitz, Edelman & Dicker LLPP
> 3 Garnett Drive
> White Plains, New York 10604
> Attorneys for Defendant Bank of America, N.A.

<u>/ s / Patrick Michael DeCharles, II</u>
Patrick Michael DeCharles, II

DATED:       June 25, 2007
             New York, New York

STATE OF NEW YORK    )
                               ) ss.:
                               )
COUNTY OF NEW YORK  )

      Patrick Michael DeCharles, II, declares and says:

1.      I am admitted to practice before this Honorable Court.

2.      I have read the foregoing Verified Answer of the Verified Amended Complaint and know the contents thereof, and that the same is true to the best of my knowledge, information and belief.

3.      That the source of my information and the grounds for my belief as to all matters, documents and correspondence relating to the matter in suit is either known to me or has been provided to me by the defendant H.J.M. International, Inc.

4.      That the reason this verification is being by me and not the defendant H.J.M. International, Inc. is that the said defendant is a corporation and/or other business entity, none of whose officers or directors are presently within the Southern District.

5.      I declare under penalty of perjury that the foregoing is true and correct.


Dated: June 25, 2007

                                      / s / Patrick Michael DeCharles, II
                                      Patrick Michael DeCharles, II

## Answers to Complaints
1:07-cv-02818-SHS PL Shipping & Logistics Ltd. v. H.J.M. International Inc. et al
ECF

### U.S. District Court

### United States District Court for the Southern District of New York

### Notice of Electronic Filing

The following transaction was entered by Tillem, David on 6/8/2007 at 12:07 PM EDT and filed on 6/8/2007

**Case Name:**     PL Shipping & Logistics Ltd. v. H.J.M. International Inc. et al
**Case Number:**  1:07-cv-2818
**Filer:**        Bank of America
**Document Number:** 5

**Docket Text:**
ANSWER to Complaint., CROSSCLAIM against PL Shipping & Logistics Ltd., H.J.M. International Inc.. Document filed by Bank of America.(Tillem, David)

**1:07-cv-2818 Notice has been electronically mailed to:**

Eugene James McDonald   anne780668@aol.com

David Larry Tillem   Tillem@wemed.com

**1:07-cv-2818 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=6/8/2007] [FileNumber=3450418-0]
[b44623b4010ce40870676f7f24ef8f3aacd4f9e5b80c63da04de2bf9911a91d09f05
e7e60d8979c1b30ace3aa3d324b843af10dec4043d0c836f95e74ded09bb]]

*Original*

CONSTANTINE A. DESPOTAKIS, ESQ. (CD 4944)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York 10604
Tel.: (914) 323-7000
Attorneys for Defendant, Bank of America, N.A.

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

PL SHIPPING & LOGISTICS LTD.

                                                    07 CV 2818 (SHS)

                        Plaintiff,

                                            ANSWER, AFFIRMATIVE DEFENSES
                                            AND  CROSSCLAIMS

            -against-

H.J.M. INTERNATIONAL INC. and BANK OF
AMERICA and AFFORDABLE LUXURY
RYAN KENNY

                        Defendants.
-----------------------------------------------------------------x

            Defendant, Bank of America, N.A. (sued herein under its common trade name of

"Bank of America") hereinafter "BOA", by its attorneys, Wilson, Elser, Moskowitz, Edelman &

Dicker LLP, in response to the plaintiff's verified complaint (hereinafter "complaint") and as and

for its crossclaims against co-defendants alleges and answers as follows:

            1.      Denies the allegations contained in paragraph 1 of the complaint and further states

that, upon information and belief, this action is governed by State law and the ICC Uniform

Rules for Collections (International Chamber of Commerce Publication No. 522 Leaflet

Version ICC No. 522 LF), hereinafter referred to as "URC 522".

            2.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 2 of the complaint.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint.

4.      Denies the allegations contained in paragraph 4 of the complaint, except solely admits that BOA maintains a banking branch at 8755 Roswell Road, Atlanta, Georgia. BOA further states that it is a U.S. Federally chartered national bank maintaining various branches and other offices for the transaction of business throughout the United States, including the aforementioned branch in Atlanta, Georgia.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint, except solely admits that it maintains various offices and branches for the transaction of banking business throughout the City and State of New York.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint and respectfully refers all questions of fact and law to this Court for determination.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint and respectfully refers all questions of fact and law to this Court for determination.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint and respectfully refers all questions of fact and law to this Court for determination.

11.     Denies the allegations contained in paragraph 11 of the complaint, except admits solely that certain documents were released by BOA's above described Atlanta, Georgia branch.

12.     Denies the allegation contained in paragraph 12 of the complaint to the extent said allegations are asserted against BOA and puts plaintiff to its proof, except admits solely that the documents released by BOA's above described Atlanta, Georgia branch were not endorsed by BOA.   Furthermore, to the extent the allegations in paragraph 12 are asserted against co-defendant H.J.M., BOA denies knowledge or information sufficient to form a belief as to the truth of said allegations, except that BOA states that co-defendant H.J.M. as a matter of law could not have and should not have released any of the alleged goods contained in the alleged shipment without the necessary documents reflecting the endorsement of BOA where BOA was the designated consignee of record on the face of the documents and otherwise verifying that payment for the subject goods had been made by co-defendant AFFORDABLE.   BOA further respectfully refers all questions of fact and law to this Court for determination.

13.     Denies the allegation contained in paragraph 13 of the complaint and puts plaintiff to its proof and further respectfully refers all questions of fact and law to this Court for determination.

14.     Denies the allegation contained in paragraph 14 of the complaint, puts plaintiff to its proof and further respectfully refers all questions of fact and law to this Court for determination.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

15.     Upon information and belief, plaintiff fails to state a cause of action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

16.     Upon information and belief, plaintiff lacks standing to maintain this action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

17.    Plaintiff lacks standing to assert this action.  This action is governed by URC 522 and pursuant to Article 16 (b) thereof, the sole party entitled to receive any payment alleged to be required in such a documentary collection is the remitting bank only, which in this case is ABN Amro Bank in India (hereinafter "ABN") which was the purported preparer and remitting bank of the subject collection documents (URC Article 3a.2.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

18.    Upon information and belief, plaintiff has sustained no damages to the extent that the alleged merchandise was not in fact contained in the alleged shipments and/or said merchandise was defective or non-conforming.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

19.    Upon information and belief, plaintiff has sustained no damages as the result of any action on the part of BOA.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

20.    Upon information and belief, there is no proximate cause between any alleged damages sustained by plaintiff and any action of BOA.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

21.    As to any of the subject collection documents which were on their face consigned and tendered to BOA, as such were not endorsed by BOA, no party, including co-defendant H.J.M., was authorized as a matter of law to release any of the alleged goods to the purchaser since the collection documents were not negotiable without BOA's endorsement as consignee.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

22.    Upon information and belief this action is barred in whole or in part by plaintiff's and/or the alleged sellers' negligence.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

23.     Upon information and belief, it is presently unknown as to whether the alleged collection instructions provided by ABN to BOA were in compliance with the requirements of URC 522, including, without limitation, the requirements for specific handling and payment instructions as set forth in URC Articles 4 and 5 and otherwise, as to what purported obligations were being placed upon BOA regarding the subject collection documents. BOA has repeatedly requested ABN to provide copies of the subject documentary collection documents allegedly sent to BOA but ABN has not responded to date.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

24.     Upon information and belief, plaintiff's action is barred by the principle of estoppel.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

25.     Upon information and belief, plaintiff's action is barred by the principle of laches.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

26.     Upon information and belief, plaintiff's action may be barred by the applicable statute of limitations.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

27.     Upon information and belief, any actual loss sustained by plaintiff, if any, was not the result of any action on the part of BOA.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

28.     Pursuant to URC Article 10a., none of the subject alleged goods should have been consigned to BOA since BOA had not agreed to such consignment.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

29.    Upon information and belief, ABN and/or the seller of the alleged goods and/or plaintiff failed to promptly notify BOA of the alleged release of the subject collection documents so as to allow BOA the opportunity to take any possible recovery and/or mitigation action.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

30.    Upon information and belief, ABN and/or the seller of the alleged goods and/or plaintiff have failed to mitigate any alleged damages.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

31.    Upon information and belief, the alleged goods may or may not have been as stated and may or may not have been conforming or damaged and, to such extent no damages will have been sustained as the result of the release of the collection documents.  BOA puts plaintiff to its proof and respectfully refers all questions of fact and law to this Court for determination.

## AS AND FOR A FIRST CROSSCLAIM AGAINST DEFENDANT H.J.M. INTERNATIONAL, INC. ("H.J.M.")

32.    To the extent the subject collection documents did not contain BOA's endorsement as the consignee party of same, H.J.M. negligently, wrongfully and improperly released the alleged goods to the purchaser as against the foregoing legally facially defective and insufficient documents pursuant to applicable State and other in light of the lack of any endorsement by BOA.  Accordingly, H.J.M. is liable to BOA in a like amount as any judgment that may be entered herein in favor of plaintiff as against BOA.

### AS AND FOR A SECOND CROSSCLAIM AGAINST
### DEFENDANT H.J.M. INTERNATIONAL, INC. ("H.J.M.")

33.     Upon information and belief, H.J.M. had a duty to verify that the subject alleged goods had been paid for and consequently since H.J.M. failed to so verify its release of the alleged goods to the purchaser was negligent and wrongful. Accordingly, H.J.M. is liable to BOA in a like amount as any judgment that may be entered herein in favor of plaintiff as against BOA.

### AS AND FOR A THIRD CROSSCLAIM AGAINST
### DEFENDANT H.J.M. INTERNATIONAL, INC. ("H.J.M.")

34.     Upon information and belief, and if it may be determined that H.J.M. acted in collusion with AFFORDABLE and with knowledge that the alleged subject goods had not been paid for, then H.J.M.'s such conduct, if such be the case, would have constituted a fraudulent course of conduct. Accordingly, H.J.M. would be liable to BOA in a like amount as any judgment that may be entered herein in favor of plaintiff as against BOA.

### AS AND FOR A FOURTH CROSSCLAIM AGAINST
### DEFENDANT H.J.M. INTERNATIONAL, INC. ("H.J.M.")

35.     The subject collection documents did not contain BOA's endorsement as the consignee party of same and, consequently, H.J.M. breached its duties under applicable laws and regulations and other applicable principles governing commercial bills of lading. Accordingly, H.J.M. is liable to BOA in a like amount as any judgment that may be entered herein in favor of plaintiff as against BOA.

AS AND FOR A FIFTH CROSSCLAIM AGAINST
DEFENDANT H.J.M. INTERNATIONAL, INC. ("H.J.M.")

36.    To the extent it is determined in this matter that H.J.M. engaged in any negligent

and/or culpable conduct in releasing the alleged subject goods to AFFORDABLE, then in such

event H.J.M. would have engaged in conduct constituting *prima facie* tort. Accordingly, H.J.M.

is liable to BOA in a like amount as any judgment that may be entered herein in favor of plaintiff

as against BOA.

AS AND FOR A FIRST CROSSCLAIM AGAINST
CO-DEFENDANT AFFORDABLE LUXURY RYAN KENNY ("AFFORDABLE")

37.    AFFORDABLE obtained possession of the subject documentary collection

documents and the subject alleged goods without having paid for same in violation of the rights

of the seller and all of the other parties in this action, including, without limitation, BOA.

Accordingly AFFORDABLE has become unjustly enriched by reason of the foregoing and is

liable to BOA in a like amount as any judgment entered herein in favor of plaintiff against BOA.

AS AND FOR A SECOND CROSSCLAIM AGAINST
CO-DEFENDANT AFFORDABLE LUXURY RYAN KENNY ("AFFORDABLE")

38.    AFFORDABLE knowingly, falsely and deliberately and with intent to defraud

obtained possession of the documentary collection documents and the subject alleged goods

without having paid for same in violation of the rights of the seller and all of the other parties in

this action, including, without limitation, BOA. In so acting, AFFORDABLE engaged in

conduct constituting fraud. Accordingly AFFORDABLE is liable to BOA in a like amount as

any judgment entered herein in favor of plaintiff against BOA.

AS AND FOR A THIRD CROSSCLAIM AGAINST
CO-DEFENDANT AFFORDABLE LUXURY RYAN KENNY ("AFFORDABLE")

39.    AFFORDABLE obtained possession of the documentary collection documents

and the subject alleged goods without having paid for same in violation of the rights of the Seller

and all of the other parties in this action, including, without limitation, BOA. Consequently, AFFORDABLE is liable for money had and received. Accordingly, AFFORDABLE is liable to BOA in a like amount as any judgment entered herein in favor of plaintiff against BOA.

### AS AND FOR A FOURTH CROSSCLAIM AGAINST CO-DEFENDANT AFFORDABLE LUXURY RYAN KENNY ("AFFORDABLE")

40.    AFFORDABLE obtained possession of the documentary collection documents and the  subject alleged goods without having paid for same in violation of the rights of the Seller and all of the other parties in this action, including, without limitation, BOA. Accordingly AFFORDABLE is obligated to make restitution and is liable to BOA in a like amount as any judgment entered herein in favor of plaintiff against BOA.

### AS AND FOR A FIFTH CROSSCLAIM AGAINST CO-DEFENDANT AFFORDABLE LUXURY RYAN KENNY ("AFFORDABLE")

41.    AFFORDABLE obtained possession of the documentary collection documents and the subject alleged goods without having paid for same in violation of the rights of the Seller and all of the other parties in this action, including, without limitation, BOA. Accordingly AFFORDABLE engaged in *prima facie* tortuous conduct and is liable to BOA in a like amount as any judgment entered herein in favor of plaintiff against BOA.

### AS AND FOR A SIXTH CROSSCLAIM AGAINST CO-DEFENDANT AFFORDABLE LUXURY RYAN KENNY ("AFFORDABLE")

42.    AFFORDABLE obtained possession of the documentary collection documents and the subject alleged goods without having paid for same in violation of the rights of the Seller and all of the other parties in this action, including, without limitation, BOA. Accordingly AFFORDABLE is obligated to make contribution to any loss sustained by BOA and is liable to BOA in a like amount as any judgment entered herein in favor of plaintiff against BOA.

## AS AND FOR A SEVENTH CROSSCLAIM AGAINST
## CO-DEFENDANT AFFORDABLE LUXURY RYAN KENNY ("AFFORDABLE")

43.     AFFORDABLE negligently obtained possession of the documentary collection documents and the alleged subject goods without having paid for same in violation of the rights of the Seller and all of the other parties in this action, including, without limitation, BOA. Accordingly AFFORDABLE is liable to BOA in a like amount as any judgment entered herein in favor of plaintiff against BOA.

## AS AND FOR AN EIGHTH CROSSCLAIM AGAINST
## CO-DEFENDANT AFFORDABLE LUXURY RYAN KENNY ("AFFORDABLE")

44.     AFFORDABLE breached its express and/or its implied contract with BOA by obtaining possession of the documentary collection documents and the alleged subject goods without having paid for same in violation of the rights of the Seller and all of the other parties in this action, including, without limitation, BOA.  Accordingly AFFORDABLE is liable to BOA in a like amount as any judgment entered herein in favor of plaintiff against BOA.

**WHEREFORE,** BOA respectfully requests an Order of the Court dismissing the plaintiff's complaint or, alternatively, in the event plaintiff prevails in this action as against BOA, then an Order of the Court granting (i) BOA judgment over against defendant H.J.M. pursuant to BOA's FIRST through FIFTH CROSSCLAIMS in a like amount as any judgment entered in favor of plaintiff against BOA, and (ii) granting BOA judgment over against defendant AFFORDABLE in a like amount as any judgment entered in favor of plaintiff against BOA pursuant to BOA's FIRST through EIGHTH CROSSCLAIMS herein, together with such

other and further relief as to this Court may seem just and proper

Dated: White Plains, New York
June 8, 2007

                                        Yours etc,

                                        WILSON, ELSER, MOSKOWITZ,
                                          EDELMAN & DICKER LLP

                              By: _____
                                        Constantine A. Despotakis, Esq. (CD 4944)
                                        Attorneys for Defendant
                                        BANK OF AMERICA, N.A.
                                        3 Gannett Drive
                                        White Plains, New York 10604
                                        Tel. (914) 323-7000
                                        Our File No. 02503.00305

To:
        EUGENE J. MCDONALD, ESQ.
        Attorneys for Plaintiff,
        PL Shipping & Logistics Ltd.
        170 Broad Street
        Matawan, NJ 07747

        H.J.M. International Inc.
        Defendant *Pro Se*
        53-39 Rockaway Boulevard
        Jamaica, Ny 11434

        Affordable Luxury Ryan Kelly
        Defendant *Pro Se*
        1407 Broadway
        New York, NY 10018

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
) ss.:
COUNTY OF WESTCHESTER )

I, Geri Manno, being sworn, say:

I am not a party to the action, am over the age of 18 years of age and reside in Westchester County, New York. On June 8, 2007, I served the within **ANSWER, AFFIRMATIVE DEFENSES AND CROSSCLAIMS** by depositing a true copy thereof enclosed in a postpaid wrapper, via First Class Mail, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

EUGENE J. MCDONALD, ESQ.
Attorneys for Plaintiff,
PL Shipping & Logistics Ltd.
170 Broad Street
Matawan, NJ 07747

H.J.M. International Inc.
Defendant *Pro Se*
53-39 Rockaway Boulevard
Jamaica, Ny 11434

Affordable Luxury Ryan Kelly
Defendant *Pro Se*
1407 Broadway
New York, NY 10018

_____
Geri Manno

Sworn to before me this
8th day of June, 2007

_____
Notary Public

LAURA HANNA
Notary Public, State of New York
No. 01HA6035322
Qualified in Westchester County
Commission Expires December 27, 2007

1582251.1