CONSTANTINE A. DESPOTAKIS, ESQ. (CD 4944)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, New York 10604
Tel.: (914) 323-7000
Attorneys for Defendant, Bank of America, N.A.

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
PL SHIPPING & LOGISTICS LTD.,

          Plaintiff,

07 CV 2818 (SHS)

AFFIDAVIT IN SUPPORT OF
MOTION FOR
<u>SUMMARY JUDGMENT</u>

-against-

H.J.M. INTERNATIONAL INC. and BANK OF
AMERICA and AFFORDABLE LUXURY
RYAN KENNY and RYAN GLOVER and
RONALD PLATOVSKY and ABN AMRO
BANK,

          Defendants.
-----------------------------------------------------------------x

STATE OF NEW YORK     )
                                  ) ss.
COUNTY OF WESTCHESTER )

CONSTANTINE A. DESPOTAKIS, being duly sworn deposes and says:

1. I am a member of Wilson, Elser, Moskowitz, Edelman & Dicker, LLP attorneys for Bank of America, N.A. sued herein under its common trade name Bank of America, (hereinafter "BOA""). I am personally familiar with the facts hereinafter set forth as the attorney representing BOA in this matter.

2. All of the relevant facts and documents are fully set forth in the accompanying supporting affidavit of Theodore Giorgiades sworn to on August 14, 2007 in support of BOA's

1668263.1

motion herein, and in BOA's supporting motion exhibits. The purpose of this affidavit is not to repeat any of those facts but to merely respectfully focus the Court's attention on several critical core points and issues of law, as supported by the clear documentary evidence and, in the case of the plaintiff's Second Cause of Action, the absence of any documentation. Based upon these documented facts, it is respectfully submitted to this Court that BOA has absolutely no liability to either plaintiff, the owner/seller of the subject goods, Ahill, nor, indeed, to co-defendant H.J.M. or to any other party or non-party herein.

3. As to plaintiff's First Cause of Action, it is clear that as a matter of law the subject matter of the transaction is not a maritime or admiralty claim, as repeatedly and most questionably alleged in plaintiff's initial complaint as well as in the subsequent two amended complaints, but, rather, a transaction governed by the URC.[1] Consequently, plaintiff has absolutely no standing and no place at the legal table before this Court to maintain this action. Plaintiff is clearly not the remitter of the subject transaction documents, which BOA received from ABN's branch in India on behalf of Ahill, as the seller/owner of the merchandise to Affordable. Moreover, the 45-day sight draft, the Bill of Exchange, was in favor of Ahill, which was to receive direct payment into its account at ABN from Affordable on a time payment basis of 45-days after taking possession of the documents. The parties to the draft are Ahill and Affordable.

4. In addition to the foregoing, BOA's only obligation to ABN under the terms of the Transaction was simply to secure Affordable's *pro forma* "acceptance" to the 45-day sight draft to memorialize Affordable's formal undertaking of its obligation to pay Ahill. The Transaction did not require BOA to secure payment in exchange for the documents in any

---

[1] All terms used herein shall have the defined meanings and definitions as ascribed to them in BOA's motion papers.

manner. Clearly, and although the documents were released by BOA to Affordable without securing the formal written "acceptance" of the draft, Affordable did, accordingly to plaintiff's allegations, obtain possession of the subject merchandise when it was able to present the documents at the port and/or to the freight forwarder, co-defendant, HJM herein. By the mere fact of taking possession of the documents and merchandise, the same undertaking as would have been evidenced by a formal written acceptance of the sight draft did in fact come to pass on the part of Affordable. In addition, and of critical note, is the fact that Affordable even tendered payment, although it was partial payment, to Ahill a month or so after the presentation of the Transaction. By so doing, Affordable as a matter of law specifically acknowledged and accepted its payment obligations for the purchase of the subject merchandise. As a matter of law, acceptance and acknowledgment of a contract or other obligation is evidenced by partical performance such as in the form of any payment. It is noteworthy that plaintiff seems to have had absolutely no knowledge about that partial payment or any of the other critical facts. As a legal and factual stranger to the transaction, one wonders why plaintiff filed this action in the first instance. Of course, this is not to say that Affordable, depending upon what it found when it picked up the merchandise may not have had defenses in respect of the nature of its order, compliance with its order specifications and/or shortages and/or damaged goods found in the container shipped by Ahill. Perhaps that explains the partial payment, although all of those facts and any resulting dispute is clearly and solely between Affordable and Ahill. Since BOA's obligations under the Transaction were only to obtain acceptance and not payment, that dispute if any does not involve BOA. Consequently, BOA has no liability to plaintiff or to HJM and especially all the more so given plaintiff's lack of standing.

5. Moreover, nothing that BOA has done has remotely prejudiced or affected Ahill's rights as the owner/seller of the merchandise to seek additional payment from Affordable

regarding the goods. Ahill certainly can proceed against Affordable both under the terms of the original sight draft and also outside of that sight draft based upon Affordable's mere taking possession of the documents and merchandise. Perhaps Ahill and Affordable are addressing those issues directly but, in any event, that is a matter between them and Plaintiff simply cannot maintain this action.

6. Finally, in terms of the allegations contained in the Second Cause of Action, the same issue of plaintiff's lack of standing is still present. However, no *prima facie* case whatsoever it presented as to that Second Cause of Action. There is no evidence that any documentary collection package was even created by any remitting bank. There is no evidence of the terms and conditions of any such documentary collection package that might have been sent by any remitting bank to BOA. There is no evidence that any such documentary collection package was ever even sent to BOA and where or to whom. There is no evidence that any such documentary collection package was ever actually received by BOA or where or by whom. As stated, Plaintiff lacks any standing to maintain this action, but certainly as to the Second Cause of Action there is absolutely no legally cognizable or *prima facie* case established.

7. In light of all of the foregoing, it is respectfully submitted to this Court that Plaintiff's action must be dismissed, together with the asserted crossclaims of HJM as against BOA.[2] One can only be left to wonder why Plaintiff filed this action in the first instance in light of its lack of standing and in further light of its obvious lack of any knowledge as to the nature of

---

[2] In light of the relief being requested by BOA in this motion to dismiss the Plaintiff's complaint, naturally, all HJM crossclaims against BOA will necessarily fall since plaintiff lacks standing and in light of the lack of damage or prejudice to the seller/owner of the merchandise for all the reasons noted. The issue of why HJM would have also released the goods to Affordable upon presentation of the Transaction documents when BOA as designated consignee had not endorsed the Pan Global Bills of Lading is not be reached. Without BOA's endorsement, it is affiant's understanding that those Bills of Lading could not be properly negotiated to, or accepted by HJM.

1668263.1

the underlying transactions - even as to the fact of partial payment having been made to Ahill by Affordable.

WHEREFORE, it is respectfully requested that BOA's within motion for summary judgment be granted in full dismissing plaintiff's complaint and HJM's crossclaims against BOA in their entirety, together with such other and further relief as to this Court may seem just and proper under the circumstances.

Dated: White Plains, NY
August 16, 2007

_____
(Constantine A. Despotakis

1668263.1