Constantine A. Despotakis, Esq. (CD 4944)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendant
Bank of America, N.A.
3 Gannett Drive
White Plains, NY 10604
Tel: (914) 323-7000

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
PL SHIPPING & LOGISTICS LTD.,                :
                                              :    07 CV 2818 (SHS)
                    Plaintiff,               :
                                              :
        -against-                             :    STATEMENT OF UNDISPUTED
                                              :    FACTS PURSUANT TO
H.J.M. INTERNATIONAL INC. and BANK OF        :    LOCAL CIVIL RULE 56.1
AMERICA and AFFORDABLE LUXURY                 :
RYAN KENNY and RYAN GLOVER and               :
RONALD PLATOVSKY and ABN AMRO                 :
BANK,                                         :
                                              :
                    Defendants.               :
---------------------------------------------------------------x

Pursuant to Rule 56.1 of the Local Rules of the United States District Court for the Southern District of New York, defendant Bank of America (hereinafter "BOA") hereby submits the following statement of material facts as to which it contends there are no genuine issues to be tried. This Rule 56.1 Statement is submitted in support of BOA's motion for summary judgment to dismiss both the plaintiff's, PL Shipping & Logistics, Ltd. (hereinafter "Plaintiff"), action and the crossclaims of defendant, H.J.M. International, Inc. (hereinafter "HJM"), on the grounds that (1) Plaintiff lacks standing to bring or maintain this action; (2) that as a matter of documented fact there is no liability on the part of Bank of America, N.A. to either Plaintiff, HJM or any other party; and (3) that Plaintiff puts forth no legally cognizable or *prima facie* case in support

of the claims set forth in the Second Cause of Action in any event. The contents of the accompanying Affidavit of Theodore Georgiades sworn to on August 14, 2007 and filed in support of BOA's motion shall also be deemed incorporated by reference as though fully set forth herein.

## AS TO PLAINTIFF'S FIRST CAUSE OF ACTION

1. This matter is not an "...*admiralty or maritime claim...*" nor is it "...*governed by federal common law*" nor does it involve "...*a federal question.....28 U.S.C. 1331*" (see paragraph 1 of Plaintiff's initial and subsequent two amended complaints --- BOA collective Exhibit B.) Rather, this matter concerns the preparation and presentation of an interbank commercial set of documents known as a documentary collection purportedly prepared and transmitted by ABN Amro Bank ("hereinafter "ABN") in India to BOA's branch in Atlanta, Georgia. See BOA collective Exhibit E and Exhibit F.

2. Such a commercial documentary collection transaction (hereinafter "Transaction") is specifically and contractually governed by the Uniform Rules for Collections as promulgated by the International Chamber of Commerce and embodied in Publication No. 522, Leaflet Version ICC No. 522 LF (hereinafter "URC 522") whenever the Transaction so states, as is the case herein. See BOA Exhibit A, Article 1a and BOA collective Exhibit E, "*SCHEDULE FOR COLLECTION BILLS*", "*Special Instructions*" (bottom of page).

3. The Transaction, dated April 6, 2006, was from ABN in India (India notes dates in reverse sequence by day, followed by month and year) as a URC-defined "*remitting bank*" to BOA (at a BOA branch in Atlanta, Georgia) as a URC- defined "*collecting bank*". See BOA Exhibit A, Article 3a2. and Article 3a3.; BOA collective Exhibit E and BOA Exhibit F.

1613056.1

- 3 -

4.    The Transaction involved the sale of certain merchandise from Ahill Knit Wearss (so in original) (hereinafter "Ahill"), as owner/seller, in India to Affordable Luxury Ryan Kenny (hereinafter "Affordable"), as purchaser here in the United States for the total amount of $44,157.90, and against which Ahill has received partial payment to date in the amount of $10,325.50 *"ON 24 MAY06"*, a fact completely unknown to Plaintiff since it is not recited in Plaintiff's three successive complaints (the initial one and the two subsequent amended ones) filed in this action.  This leaves a balance due to Ahill in the amount of $33,832.40, presuming Ahill has received no further payments since May 24, 2006.  See BOA Exhibit A, BOA collective Exhibit E and BOA Exhibit F.

5.    Plaintiff has no standing as a matter of law to maintain this action since ABN and not Plaintiff is the remitter of the Transaction and thus not a party to the Transaction pursuant to the URC; moreover, Plaintiff is not the seller of the merchandise in question nor is it the Bill of Exchange (draft/promissory note) payee – ABN/Ahill hold that status.  See BOA Exhibit A, BOA collective Exhibit E and BOA Exhibit F.

6.    The Transaction as presented to BOA by ABN was not against "payment" but, rather, only against " ...*acceptance of draft*" (the Bill of Exchange dated *"13.03.2006"* i.e. March 13, 2006, by Affordable, the terms of which would obligate Affordable to directly pay Ahill, through Ahill's account at ABN,  for the merchandise on a 45-day time basis after Affordable received the documents.  See BOA collective Exhibit E.

7.    BOA was not obligated to secure payment from Affordable upon release of the Transaction documents to Affordable but only to secure its "acceptance", *i.e.*  Affordable's initial acknowledgment of its contract undertaking/indebtedness to Ahill for the goods.  See BOA Exhibit A, Article 4b7.b. and Article 7b.

1613056.1

...

8. BOA's Atlanta, Georgia branch released through error the documents to Affordable without apparently obtaining its written acceptance of the 45-day time draft, the Bill of Exchange. See accompanying Affidavit of Theodore Georgiades sworn to on August 14, 2007.

9. Even as to Ahill, as owner/seller of the goods to Affordable, there are no damages as a matter of law and documented fact since it has received from Affordable the same effective acknowledgement of Affordable's indebtedness for the goods. This is evidenced by the facts that (i) as the complaint itself alleges, Affordable took possession of the merchandise (BOA does not know whether the goods did or did not conform to Affordable's order as placed with Ahill as to quantity, quality, content, specifications, etc…, or even whether the goods as secured from the port containers by Affordable in fact contained what they were purported to contain or whether there was any shortage or damage), and (ii) Affordable did in fact make partial payment on the 45-day sight draft, the Bill of Exchange, to Ahill, through ABN. Stated differently, Affordable's mere act of taking possession of the merchandise by the Transaction documents it had received from BOA established its legal obligation to pay Ahill, subject to whatever defenses it might have had once it inspected the goods; and of equal legal significance is the fact Affordable's "acceptance" of its obligations to pay Ahill (again subject to its defenses as to the goods) is clearly documented by its partial performance as evidenced by Affordable's payment to Ahill on May 24, 2006.

10. There is no proximate cause between any action on the part of BOA and any alleged loss to the owner/seller of the goods, Ahill, and Ahill's rights, if any, are intact, as against Affordable to pursue collection of the remaining indebtedness, if any.

1613056.1

- 5 -

## AS TO PLAINTIFF'S SECOND CAUSE OF ACTION

11. As is the case with Plaintiff's First Cause of Action, and based upon Plaintiff's allegations, another purported shipment of goods is involved. See BOA collective <u>Exhibit B</u>. If so, no set of documentary collection documents has been produced by Plaintiff or otherwise nor are any known to BOA as to this alleged transaction; nor has BOA received any communication, tracer, payment demand or follow-up request from any purported remitting bank as to that alleged transaction. See accompanying Affidavit of Theodore Georgiades sworn to on August 14, 2007.

12. As is the case with the First Cause of Action, Plaintiff likewise has no standing under the URC to maintain the Second Cause of Action since Plaintiff clearly is not, and does not allege to be, the remitter of the alleged documentary collection in any event.

13. Irrespective of the legal standing preclusion to Plaintiff's action, Plaintiff also does not even establish as a matter of law any *prima facie* case since there is no documented evidence to establish (i) that any documentary collection even exists regarding the shipment alleged in the Second Cause of Action, (ii) the identity of the remitting bank under the URC of any such alleged documentary collection presentation, (iii) the specific terms and conditions set forth pursuant to the URC in any such alleged documentary collection presentation, and (iv) whether any such alleged documentary collection presentation was actually sent to, or even actually received by, BOA.

14. The complete and utter lack of any showing establishing the identity of the purported remitting bank, the alleged terms of the documentary collection package, BOA's connection to, or even any receipt by BOA of, the documentary collection documents involved in

the alleged goods described in the Second Cause of Action separately preclude any recovery or cause of action as a matter of evidence.

Dated: White Plains, New York
       August 16, 2007

                            WILSON, ELSER, MOSKOWITZ,
                            EDELMAN & DICKER LLP

                            By _____
                            Constantine A. Despotakis (4944)
                            Attorneys for Defendant
                            Bank of America, N.A.
                            3 Gannett Drive
                            White Plains, NY  10604
                            (914) 323-7000
                            File No. 02503.00305