8961/PMD
UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK          07 CV 2818 (SHS)

PL SHIPPING & LOGISTICS LTD.,

                Plaintiff,

v.

H.J.M. INTERNATIONAL, INC., et al.,

                Defendants.

MEMORANDUM OF DEFENDANT, H.J.M. INTERNATIONAL INC. IN OPPOSITION TO THE SUMMARY JUDGMENT MOTION OF DEFENDANT, BANK OF AMERICA, INC.

INTRODUCTION

This memorandum is submitted on behalf of defendant, H.J.M. INTERNATIONAL INC. (hereafter "HJM") in opposition to the summary judgment motion of codefendant, BANK OF AMERICA (hereafter, "BOA"). The opposition is based on two grounds:

1. Although BOA's notice of motion asks for dismissal of the crossclaims against it; its moving papers do not address those cross claims, concentrating instead on plaintiff's main claims.

2. HJM's claims are for indemnity and contribution, and on are not based on plaintiff's theories of recovery.

In its answer, HJM pleads the following crossclaim over for indemnity or contribution:

> 33. If there was any loss with regard to the shipments referred to in the Amended Verified Complaint, which is denied, then the said liability was brought about by Defendants Bank of America and/or Affordable Luxury Ryan Kenny's negligence and/or breach of contract and/or breach of warranties, implied or expressed, and by reason thereof Defendant H.J.M. is entitled to full indemnity and/or contribution from Defendants Bank of America and Affordable Luxury Ryan Kenny for any loss including reasonable counsel fees and expenses.

ARGUMENT

WHATEVER ITS SHOWING AGAINST PLAINTIFF, BOA HAS NOT SHOWN ITS ENTITLEMENT TO SUMMARY JUDGMENT AGAINST HJM ON EITHER THE FACTS OR THE LAW

To prevail on a motion for summary judgment, a movant must do two things. First, it must show that there is "no genuine issue as to any material fact;" and second, it must show that it is "entitled to judgment as a matter of law." F.R.Civ.P. 56(c). An opposing party's obligation to respond to a motion for summary judgment arises only when the motion is properly made and supported. F.R.Civ.P. 56(e).

There is no question that codefendant, BOA's summary judgment motion seeks dismissal of the crossclaims against it, [*see, BOA's Notice of Motion, p. 2; Rule 56.1 Statement, p.* 1]. However, its papers do not address the crossclaims. For example:

- BOA's Rule 56.1 Statement addresses "PLAINTIFF'S FIRST CAUSE OF ACTION" and "PLAINTIFF'S SECOND CAUSE OF ACTION." *Id. at pp. 2, 5.* There is no discussion of HJM or its crossclaims.

- BOA's first moving declaration states in conclusory fashion that because BOA has no liability to plaintiff, it can have no liability to HJM even though BOA admits it released the documents through error from its Atlanta, Georgia branch. [see para. 8 of BOA's Rule 56.1 Statement.] Further, the argument is unsupported by any analysis or citation and as a lay person's non-expert opinion, it is insufficient to support summary dismissal of HJM's cross claims or to require HJM to address it. *See, BOA's Mov. Decl. of GEORGIADES, para. 9.*

- BOA's second moving declaration contains a footnote with the same citation free conclusory statement, this time by its counsel, which is also insufficient. *See, BOA's Mov. Decl. of DESPOTAKIS, para. 7, n.2.*

- BOA's moving memorandum of law contains no discussion at all of HJM or its crossclaims.

HJM's crossclaim (set out above) pleads among other things claim for contribution and/or tort-based indemnity. Contribution may be defined as:

> The right of one who has discharged a common liability to recover of another also liable, the aliquot portion which he ought to pay or bear. Under principle of "contribution," a tort-feasor against whom a judgment is rendered is entitled to recover proportional shares of judgment from other joint tort-feasors whose negligence contributed to the injury and who were also liable to the plaintiff.

BLACK's LAW DICTIONARY 328 (6th ed. 1991). Tort indemnity allows recovery over where one tort-feasor is active while the other is only passive, the courts place the entire loss on the actively negligent party. *Schoenbaum,* ADMIRALTY AND MARITIME LAW 233 (3d ed. 1991). BOA's papers do not discuss or even address the existence or absence of a tort duty of care to HJM (a legal issue) or the presence or absence of fault or neglect on the part of the various parties (a material question of fact). Without a proper showing along those lines, BOA has not met its burden under Rule 56(c) of showing its entitlement to summary judgment, nor is it sufficient to obligate HJM to come forward under Rule 56(e) and argue a case that has not been made.

Having failed to make out a proper case in its main papers, BOA should not be allowed to use its reply papers to remedy that defect. See, *The Travelers Ins. Co. v. Buffalo Reinsur. Co.,* 735 F.Supp. 492 vacated in part on other grounds 739 F.Supp. 209 (S.D.N.Y. 1990) (Reply papers on

motion permit party to address new issues raised in answering papers); *Lockrey v. Leavitt Tube,* 748 F.Supp. 662 (N.D.Ill. 1990) (Issue not raise until reply brief was waived).

CONCLUSION

The motion should be denied.

Dated:     Sept. 21, 2007                 *Respectfully submitted,*

           New York, NY                   CICHANOWICZ CALLAN KEANE
                                          VENGROW & TEXTOR, LLP
                                          61 Broadway 3000
                                          New York, NY 10006
                                          212-344-7042

                                          By:
                                              /s/ Patrick Michael DeCharles II
                                              Patrick Michael DeCharles II (PMD 9984)

To:   Constantine A. Despotakis, Esq. (CD 4944)
      Wilson, Elser, Moskowitz
      Edelman & Dicker LLP
      Attorney for Defendant
      Bank of America, H.D.
      3 Gannett Drive
      White Plains, New York 10604
      Tel.: (914) 323-7000

      Eugene J. McDonald, Esq.
      Attorney for Plaintiff
      PL Shipping & Logistics Ltd.
      170 Broad Street
      Matawan, New Jersey 07747

      Affordable Luxury Ryan Kelly
      Defendant *Pro Se*
      1407 Broadway
      New York, New York 10018

ABN Amro Bank
Defendant *Pro Se*
Centralized Trd Fin
177 Anna Salai 3rd Fl.
Unit 307-309 Raheja Tower
Chennai, India

Ryan Glover
Defendant *Pro Se*
1407 Broadway
New York, New York 10018

Ronald Platovsky
Defendant *Pro Se*
1407 Broadway
New York, New York 10018

**CERTIFICATE OF SERVICE BY ECF AND BY REGULAR U.S. MAIL**

The undersigned declares under penalty of perjury that the following is true and correct:

1.  I am over the age of eighteen years and I am not a party to this action.

2.  On September 21, 2007, I served a complete copy of Defendant H.J.M. International, Inc.'s **Memorandum in Opposition to the Summary Judgment Motion of Defendant, Bank of America, Inc**. by ECF to the following attorneys and/or parties at their ECF registered address and/or by regular U.S. mail at the following address:

> Constantine A. Despotakis, Esq. (CD 4944)
> Wilson, Elser, Moskowitz
> Edelman & Dicker LLP
> Attorney for Defendant
> Bank of America, H.D.
> 3 Gannett Drive
> White Plains, New York 10604
> Tel.: (914) 323-7000
>
> Eugene J. McDonald, Esq.
> Attorney for Plaintiff
> PL Shipping & Logistics Ltd.
> 170 Broad Street
> Matawan, New Jersey 07747
>
> Affordable Luxury Ryan Kelly
> Defendant *Pro Se*
> 1407 Broadway
> New York, New York 10018
>
> ABN Amro Bank
> Defendant *Pro Se*
> Centralized Trd Fin
> 177 Anna Salai 3rd Fl.
> Unit 307-309 Raheja Tower
> Chennai, India
>
> Ryan Glover
> Defendant *Pro Se*
> 1407 Broadway
> New York, New York 10018

Ronald Platovsky
Defendant *Pro Se*
1407 Broadway
New York, New York 10018

                                              <u>/ s / Patrick Michael DeCharles, II</u>
                                              Patrick Michael DeCharles, II (PMD/9984)

DATED:     September 21, 2007
               New York, New York